# EXHIBIT A

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

**STATE OF RHODE ISLAND**              **SUPERIOR COURT**
**PROVIDENCE, SC**

| | |
|---|---|
| ARTUR ANDRADE, JULIA ANDRADE, ) | |
| On behalf of themselves and all others so ) | |
| similarly situated, ) | |
| ) | CA NO. |
| *Plaintiffs*, ) | |
| vs. ) | CLASS ACTION COMPLAINT |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | JURY DEMAND |
| SERVICING, LLC, HSBC BANK ) | |
| USA, N.A. as trustee for OPTION ONE ) | |
| MORTGAGE LOAN TRUST ) | |
| 2007-HL1, ) | |
| ) | |
| *Defendants*. ) | |

---

## INTRODUCTION

1.     The Representative Plaintiffs Artur Andrade and Julia Andrade, on behalf of themselves and all others so similarly situated, bring this action as described in the paragraphs set forth herein. The Representative Plaintiffs seek damages and declaratory judgment that foreclosures and mortgagee's foreclosure sales of by Defendants are void as Defendants failed to foreclose in a manner prescribed by applicable law in breach of the said mortgage by foreclosing and conducting the mortgagee's sales in violation of R.I.G.L. § 19-14.11-1, and in violation of a cease and desist order of the Rhode Island Department of Business Regulation Division of Banking and in breach of contract.

2.     The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, in violation of R.I.G.L. § 19-14.11-1, in violation of a cease and desist order of the Rhode Island Department of Business Regulation Division of Banking, and that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties

1

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

be declared void, enjoin the Defendants from further wrongful foreclosures and sales of Plaintiffs

and class members properties, and award the Plaintiffs and class members damages for Defendants

misconduct.

## JURISDICTION AND VENUE

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving

rise to this claim have occurred, and the real properties that are the subject of the action is situated

within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action

in which the class is so numerous that joinder of all members is impracticable, there are questions

of law and fact common to the class, and the claims of the Representative Plaintiffs are typical of

the claims of the class.  Further, the Representative Plaintiffs will fairly and adequately protect the

interest of the class.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendants have acted or refused

to act on grounds generally applicable to the class, thereby making appropriate final injunctive

relief or corresponding declaratory relief with respect to the class as a whole.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common

to the members of the class predominate over any questions affecting only individual members,

and that a class action is superior to other available methods for the fair and efficient adjudication

of the controversy.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of

members of the class to individually control the prosecution or defense of separate actions.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

8.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

9.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.    Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.    Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

12.    Plaintiffs and members of the class claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to their properties are affected by any conveyance of another person in each of their chain of title

## PARTIES

13.    Representative Plaintiffs Artur Andrade and Julia Andrade, on behalf of themselves and all those so similarly situated, are citizens of Rhode Island and are the former owners of 109-111 West Lawn Avenue, Pawtucket, RI 02860, which is the subject property as noted herein.

14.    Defendant Ocwen Loan Servicing, LLC (Ocwen) is a mortgage loan servicer with headquarters located at 1661 Worthington Road, Suite100, West Palm Beach, FL 33409.

15.    Defendant HSBC BANK USA, N.A. (HSBC) is a banking related services company, headquartered at 1800 Tysons Blvd, Suite 50, Mc Lean, VA 22102. HSBC Bank USA, N.A. is the trustee for the Option One Mortgage Loan Trust 2007-HL1.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

16.    At all times herein mentioned, Defendants, Ocwen and HSBC both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

17.    Defendants, Ocwen and HSBC had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFFS

18.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

19.    On December 5, 2006, the Representative Plaintiffs were granted the subject property at 109-111 West Lawn Avenue, Pawtucket, RI 02860. The deed evidencing said conveyance was recorded in the City of Pawtucket, Clerk's Office, Land Evidence Records in Book 2779 at Page 111 on December 11, 2006.

20.    On December 5, 2006, the Representative Plaintiffs executed a mortgage and note both in the amount of Three Hundred Thirty Two Thousand Five Hundred and 00/100 ($332,500.00) Dollars, to Option One Mortgage Corporation as Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as Mortgagee. Said mortgage was secured against the subject property and recorded in the City of Pawtucket, Clerk's Office, Land Evidence Records in Book 2779 at Page 113 on December 11, 2006. ("The Andrade Mortgage").

21.    The Andrade Mortgage states at paragraph 21, in pertinent part as follows;

> 21. Acceleration; Remedies. …If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 14. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

(Emphasis Added).

22.     On November 18, 2009, Sand Canyon Corporation (formerly known as Option One Mortgage Corporation) purportedly assigned the Andrade Mortgage to HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1. Said assignment was recorded in the City of Pawtucket Clerk's Office Land Evidence Records in Book 3204 at Page 51 on November 20, 2009.

23.     Subsequently, Ocwen became the servicer of the Andrade Mortgage.

24.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.
>
> (b) No license shall be required of:
>
> (1) A depository institution, or an affiliate or subsidiary of a depository institution, that is controlled by, or under common control with, the depository institution and subject to the regulatory authority of the primary regulator of the depository institution.
>
> (2) A lender licensed under chapter 14 of title 19 that retains the servicing rights on a loan originally closed in the lender's name and subsequently sold, in whole or in part, to a third party, provided that the provisions of §§ 19-14.11-2 (segregated accounts) and 19-14.11-4 (prohibited acts and practices) of this chapter shall apply to such lender.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

(3) A debt-management company licensed in this state when engaged in activities permitted pursuant to its debt-management license.

(4) An attorney licensed in this state when collecting a debt on behalf of a client.

(5) Bona-fide nonprofit, organizations, exempt from taxation under section 501(c) of the Internal Revenue Code, that are approved by the Department of Housing and Urban Development as housing counseling agencies; that have a physical location in Rhode Island; and that lend state or federal funds.

25.    On or about April 7, 2017, Ocwen, acting as third party servicer on behalf of HSBC, caused to be sent to the Representative Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 1, 2017. Ocwen also caused to published said notice.

26.    The Representative Plaintiffs allege that on April 7, 2017, Ocwen was not a licensed third party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

27.    On April 20, 2017, The Rhode Island Department of Business Regulation, Division of Banking issued an Emergency Order pursuant to R.I.G.L. 42-35-14(c) directing Ocwen to immediately cease and desist from all unlicensed activity in the State of Rhode Island, including without limitation, acting as a third party loan servicer. (See: Exhibit 1; Consent Order Id. at ¶23(c)).

28.    On June 1, 2017, Ocwen, acting as third party mortgage servicer for HSBC foreclosed the Andrade Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, in violation of and in blatant disregard for the Emergency Order and is void, invalid, and without force and effect.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

29.     On July 12, 2017, Ocwen, while still under the command of the aforenoted Emergency

Order[1], caused a foreclosure deed (Exhibit 2) to be recorded in the City of Pawtucket Clerk's

Office Land Evidence Records in Book 4111 at Page 192. Such action is in violation of R.I.G.L.

§ 19-14.11-1, in violation of and in blatant disregard for the Emergency Order and is void, invalid,

and without force and effect.

30.     The Representative Plaintiffs further allege that the foreclosure and sale are in breach of

paragraph 21 of the Andrade Mortgage which requires that the property secured by the Andrade

Mortgage be sold in a manner prescribed by applicable law. As all Actions of Ocwen in foreclosing

and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and the

Emergency Order, Ocwen and HSBC failed their obligation to the Representative Plaintiffs to

ensure that those actions were conducted in a manner prescribed by applicable law thus breaching

the Andrade Mortgage and for failing to first comply with the terms of the mortgage prior to

exercising the power of sale.

31.     As such, the notice, publication, foreclosure and sale are in violation of R.I.G.L. § 19-

14.11-1, in violation of the Emergency Order, and in breach of the terms of paragraph 21 of the

Andrade Mortgage contract due to Defendants failure to to foreclose and sell in the manner

prescribed by Applicable Law. Therefore, the foreclosure and sale are void, invalid, and without

force or effect. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA,

United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, 511 B.R. 233, 238, 239

(Bankr. D.R.I. 2014)).

---

[1] Ocwen entered into a Consent Order with the R.I. Department of Business Regulation Division of Banking on September 29, 2017, granting them License to act as a third party servicer pursuant to R.I.G.L. § 19-14.11-1. (See: Exhibit 1).

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

## CLASS ALLEGATIONS

32.     The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

33.     Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

34.     The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants; (1) completed foreclosure of the Representative Plaintiffs and Class Members mortgages and/or mortgagee sales of the Representative Plaintiffs and Class Members properties; (2) between April 20, 2017 through September 29, 2017; (3) in violation of R.I.G.L. § 19-14.11-1; (4) in violation of the Emergency Order issued by the Rhode Island Department of Business Regulation Division of Banking ordering that Ocwen immediately cease and desist all unlicensed activity as a third party loan servicer; and (5) in breach of the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by Applicable Law.

35.     The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants; (1) attempted foreclosure of Class Members Mortgages and/or mortgagee sales of Class Members properties; (2) between April 20, 2017 through September 29, 2017; (3) in violation of R.I.G.L. § 19-14.11-1; (4) in violation of the Emergency Order issued by the Rhode Island Department of Business Regulation Division of Banking ordering that Ocwen immediately cease and desist all unlicensed activity as a third party loan servicer; and (5) in breach of the terms of Class Members mortgages by failing to foreclose and sell in the manner prescribed by Applicable Law.

8

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

36.     The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

37.     Defendants conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

38.     The Representative Plaintiffs and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

39.     The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

40.     The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

41.     The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendant's breach of mortgage contracts, violation of R.I.G.L. § 19-14.11-1, violation of the Emergency Order issued by the Rhode Island Department of Business Regulation Division of Banking ordering that Ocwen immediately cease and desist all unlicensed activity as a third party loan servicer, and breaches of contract for failure to foreclose and sell in the manner prescribed by Applicable Law pursuant to paragraph 21, are the direct causes of the harms alleged herein.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

42.   Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

43.   The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

44.   The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

45.   The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

46.   The claims of the Representative Plaintiffs are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

47.   The Representative Plaintiffs will fairly and adequately represent the interests of the class as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

48.   A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

49.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

50.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51.     It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

52.     The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

53.     It is desirable to concentrate the litigation of the claims in this particular forum.

54.     There are little to no difficulties likely to be encountered in the management of a classification.

<div align="center">

**COUNT I**
**VIOLATION OF R.I.G.L. § 19-14.11-1**
**AND THE EMERGENCY ORDER TO CEASE AND DESIST ISSUED BY THE RI**
**DEPARTMENT OF BUSINESS REGULATION DIVISION OF BANKING**

</div>

55.     The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

56.     The Representative Plaintiffs bring these claims on behalf of themselves and all others so similarly situated.

57.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

(b) No license shall be required of:

(1) A depository institution, or an affiliate or subsidiary of a depository institution, that is controlled by, or under common control with, the depository institution and subject to the regulatory authority of the primary regulator of the depository institution.

(2) A lender licensed under chapter 14 of title 19 that retains the servicing rights on a loan originally closed in the lender's name and subsequently sold, in whole or in part, to a third party, provided that the provisions of §§ 19-14.11-2 (segregated accounts) and 19-14.11-4 (prohibited acts and practices) of this chapter shall apply to such lender.

(3) A debt-management company licensed in this state when engaged in activities permitted pursuant to its debt-management license.

(4) An attorney licensed in this state when collecting a debt on behalf of a client.

(5) Bona-fide nonprofit, organizations, exempt from taxation under section 501(c) of the Internal Revenue Code, that are approved by the Department of Housing and Urban Development as housing counseling agencies; that have a physical location in Rhode Island; and that lend state or federal funds.

58.     On or about April 7, 2017, Ocwen, acting as third party servicer on behalf of HSBC, caused to be sent to Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 1, 2017.

59.     The Representative Plaintiffs allege that on April 7, 2017, Ocwen was not a licensed third party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

12

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

60.     On April 20, 2017, The Rhode Island Department of Business Regulation, Division of
Banking issued an Emergency Order pursuant to R.I.G.L. 42-35-14(c) directing Ocwen to
immediately cease and desist from all unlicensed activity in the State of Rhode Island, including
without limitation, acting as a third party loan servicer. (See: Exhibit 1; Consent Order Id. at
¶23(c)).

61.     On June 1, 2017, Ocwen, acting as third party mortgage servicer for HSBC foreclosed the
Andrade Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in
violation of R.I.G.L. § 19-14.11-1, in violation of and in blatant disregard of the Emergency Order
and is void, invalid, and without force and effect.

62.     On July 12, 2017, Ocwen, while still under the command of the aforenoted Emergency
Order[2], caused a foreclosure deed to be recorded in the City of Pawtucket Clerk's Office Land
Evidence Records in Book 4111 at Page 192. Such action is in violation of R.I.G.L. § 19-14.11-1,
in violation of and blatant disregard of the Emergency Order, and is void, invalid, and without
force and effect.

63.     As a result of Ocwen's invalid and void actions in violation of the Emergency Order and
R.I.G.L. § 19-14.11-1, the Representative Plaintiffs and members of the class' mortgage loan
accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees,
auctioneer costs and other charges which were reflected in their monthly mortgage statements.

64.     The Representative Plaintiffs and members of the class have incurred damages in hiring
attorneys, in regard to the improper action of Defendants foreclosures and sales while Ocwen was
in violation of the Emergency Order and R.I.G.L. § 19-14.11-1.

---

[2] Ocwen entered into a Consent Order with the R.I. Department of Business Regulation Division of Banking on
September 29, 2017, granting them License to act as a third party servicer pursuant to R.I.G.L. § 19-14.11-1. (See:
Exhibit 1).

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

65.     The Representative Plaintiffs and members of the class have suffered harm and are threatened with additional harm from Defendants attempted improper foreclosure and sale, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

66.     The Defendants foreclosure and sale of their homes as noted herein above, in violation of statute, are the direct cause of the harms alleged herein and not the Representative Plaintiffs and class members failure to make their mortgage payments.

67.     Therefore, the Representative Plaintiffs and members of the class would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants improper foreclosure and sale as noted herein.

68.     The Representative Plaintiffs and members of the class are entitled to a declaratory judgment determining that the Foreclosure Notice, Publication of said Notice, Foreclosure, and Mortgagee's Foreclosure Sale of the subject property are in violation of R.I.G.L. § 19-14.11-1, conducted while Ocwen was under the restrictions and command of the Emergency Order to cease and desist all activity as a third party loan servicer, and therefore are ineffective, invalid, without force or effect, and void.

69.     The Representative Plaintiffs and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

70.     The Representative Plaintiffs and members of the class are entitled to cancellation of costs and fees assessed to them for wrongful foreclosure, together with additional damages.

14

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

71.     The Representative Plaintiffs and members of the class are entitled to be returned to their status and circumstances prior to the wrongful Foreclosures, and Mortgagee's Foreclosure Sales of their properties.

72.     The Representative Plaintiffs and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

73.     The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

74.     The Representative Plaintiffs bring these claims on behalf of themselves and all others so similarly situated

75.     In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

76.     In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner prescribed by applicable law is construed as a condition precedent, which requires strict compliance.

77.     The Andrade Mortgage provides that any foreclosure and sale be conducted in a manner prescribed by applicable law at paragraph 21. The Representative Plaintiffs allege that all standard mortgage contracts contain this obligation of their lenders. (Exhibit 3).

78.     In Rhode Island, a mortgagee agreeing to foreclosure and sell in a manner prescribed by applicable law, must do so as agreed.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

79.     In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and

statute, and strict compliance with the requirements of paragraph 21 of the mortgage is an

obligation of the mortgagee. Failing to foreclose and sell in a manner prescribed by applicable law

pursuant to paragraph 21 of the mortgage is a breach of contract and renders a foreclosure sale

void.

80.     As noted above, the Andrade Mortgage states at Paragraph 21 as follows;

> 21. Acceleration; Remedies. …If Lender invokes the STATUTORY
> POWER OF SALE, Lender shall mail a copy of a notice of sale to
> Borrower as provided in Section 15. Lender shall publish the notice
> of sale, and the Property shall be sold in the manner prescribed by
> Applicable Law. Lender or its designee may purchase the Property
> at any sale. The proceeds of the sale shall be applied in the following
> order: (a) to all expenses of the sale, including, but not limited to,
> reasonable attorneys' fees; (b) to all sums secured by this Security
> Instrument; and (c) any excess to the person or persons legally
> entitled to it.

> (Emphasis Added).

81.     The Representative Plaintiffs have herein alleged that the foreclosure and sale are in breach

of paragraph 21 of the Andrade Mortgage which requires that the property secured by the Andrade

Mortgage be sold in a manner prescribed by applicable law. As all Actions of Ocwen in foreclosing

and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and the

Emergency Order, Ocwen and HSBC failed their obligation to the Representative Plaintiffs to

ensure that those actions were conducted in a manner prescribed by applicable law thus breaching

the Andrade Mortgage and failing to first comply with the terms of the mortgage prior to exercising

the power of sale.

82.     AAs such, the notice, publication, foreclosure and sale are in violation of R.I.G.L. § 19-

14.11-1, in violation of the Emergency Order, and in breach of the terms of paragraph 21 of the

Andrade Mortgage contract due to Defendants failure to foreclose and sell in the manner prescribed

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

by Applicable Law. Therefore, the foreclosure and sale are void, invalid, and without force or effect. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

83.     The mortgage contract entered into by the Representative Plaintiffs and members of the class constitute valid offers.

84.     Upon the Representative Plaintiffs and members of the class executing those mortgage contracts and giving them to their Lenders, their Lenders accepted those offers.

85.     Alternatively, the Representative Plaintiffs and class members execution of those mortgage contracts thereby giving security interests in their property to their Lenders constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Representative Plaintiffs and members of the class pursuant to their mortgage contracts.

86.     The mortgage contract was supported by consideration. The Representative Plaintiffs and class members payments to Defendants constitutes consideration.

87.     The Representative Plaintiffs and members of the class, and Defendants thereby formed valid contracts and the Representative Plaintiffs and class members were, are, and remain ready willing and able to perform under those contracts.

88.     Defendants breached the mortgage contracts made with the Representative Plaintiffs and class members by refusing to honor the terms of those mortgage contracts by failing to abide by applicable law when foreclosing and conducting mortgagee's foreclosure sales.

89.     There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

90.    No Foreclosure Notice was sent to the Representative Plaintiffs or class members which specifically complied with obligations of the Lender as set forth in said mortgage contracts.

91.    The Defendants noticed, published, foreclosed and conducted sales of the Representative Plaintiffs and class members property, in violation of R.I.G.L. § 19-14.11-1, in violation of an Emergency Order issued by the R.I. Department of Business Regulation Division of Banking, and in breach of paragraphs 21 of the Representative Plaintiffs and class members mortgages.

92.    Due to these failures to comply with the terms of those mortgages, no entity was contractually authorized to exercise the statutory power of sale and notice, publish, foreclose and sell at mortgagee's sale the properties of the Representative Plaintiffs and members of the class. These actions constitute a breach of contract, resulting in damages to the Representative Plaintiffs and members of the class.

93.    As a result of the Defendants improper and invalid exercise of the statutory power of sale and purported foreclosure sales, the Representative Plaintiffs and class members mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

94.    The Representative Plaintiffs and class members have incurred damages in hiring attorneys, in regard to the improper actions of Defendants seeking to conduct and/or conducting foreclosures and sales without complying with applicable law.

95.    The Representative Plaintiffs and class members have also incurred mental and emotional injuries and damages due to the improper forecloses and sales of their properties by Defendants without complying with the terms of their mortgages.

96.    The Representative Plaintiffs and class members have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

97.    The Defendants breaches of contract and failure to comply with conditions precedent as noted herein above, are the direct cause of the harms alleged herein and not the Representative Plaintiffs and class members failure to make their mortgage payments.

98.    Therefore, the Representative Plaintiffs and members of the class would not have suffered the foreclosures, sales, or the harms as noted herein were it not for the Defendants breaches of the mortgage contracts as noted herein.

99.    The Representative Plaintiffs and members of the class are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void.

100.    The Representative Plaintiffs and members of the class are entitled to cancellation of costs and fees assessed to them for wrongful foreclosure, together with additional damages.

101.    The Representative Plaintiffs and members of the class are entitled to be returned to their status and circumstances prior to the foreclosures, and sales of their properties.

102.    The Representative Plaintiffs and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: June 6, 2018

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Respectfully Submitted,
The Representative Plaintiffs,
On behalf of themselves and all those
So similarly situated
By their Attorney,


/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
15 Cottage Avenue, Suite 202
Quincy, MA 02169
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

# Exhibit 1

Case Number: PC-2018-3864
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 23 of 103 PageID #: 117

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DEPARTMENT OF BUSINESS REGULATION
1511 PONTIAC AVENUE, BLDG 68/69
CRANSTON, RI 02920**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| **OCWEN LOAN SERVICING, LLC** | : | **DBR NO. 17BK001** |
| **OCWEN MORTGAGE SERVICING, INC.** | : | |
| **HOMEWARD RESIDENTIAL, INC.** | : | |
| **OCWEN BUSINESS SOLUTIONS, INC.** | : | |
| **OCWEN FINANCIAL SOLUTIONS PRIVATE LIMITED** | : | |
| | : | |

## CONSENT ORDER

It is hereby agreed by and between the Rhode Island Department of Business Regulation and the above-captioned Respondent Parties as follows:

**I.   AUTHORITY OF THE RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION**

1. The Rhode Island Department of Business Regulation ("Department") has jurisdiction over this matter pursuant to R.I. Gen. Laws §§ 19-14-1 *et seq.*, 19-14.1-1 *et seq.*, and 19-14.11-1 *et seq.*

2. Effective July 1, 2015, "[n]o person shall engage within this state in the business of...[s]ervicing a loan, directly or indirectly, as a third-party loan servicer...without first obtaining a license or registration from the [Department] director or the director's designee." R.I. Gen. Laws § 19-14-2(a)(8).

3. R.I. Gen. Laws § 19-14-7 authorizes the Department to investigate applicants and gives the Department discretion to approve or deny applications including on the basis of whether the "financial responsibility, experience, character, and general fitness of the applicant"

1

Case Number: PC-2018-3864
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 24 of 103 PageID #: 118

demonstrate that "the business will be operated honestly, fairly, and efficiently within the purposes of [Title 19]."

4. Pursuant to R.I. Gen. Laws § 19-14-23, the Department is authorized to investigate the loans and business and examine the books, accounts, papers, records, and files of licensed lenders transacting business in Rhode Island, to determine compliance with the provisions of Rhode Island law, and any rule, or regulation issued thereunder, and with any law, rule, or regulation applicable to the conduct of the licensed business.

5. R.I. Gen. Laws § 19-14-23(e) and (f), respectively, authorize the Department to issue a cease and desist order against financial services businesses operating without requisite licensure under Chapter 19-14 and to assess an administrative penalty against any person so ordered in an amount of up to $1,000 per violation.

## II.  RESPONDENT PARTIES

6. The Respondent Parties (also collectively referred to herein as "Respondents" or "Ocwen"), Ocwen Loan Servicing, LLC; Ocwen Mortgage Servicing, Inc.; Homeward Residential, Inc; Ocwen Business Solutions, Inc.; and Ocwen Financial Solutions Private Limited and/or their corporate parents are wholly-owned subsidiaries of Ocwen Financial Corporation ("OFC"), a Florida corporation with headquarters in West Palm Beach, Florida.

7. Respondent Ocwen Loan Servicing, LLC (NMLS ID # 1852) (hereinafter "OLS") is a Delaware limited liability corporation that was, at all relevant times herein, a wholly-owned subsidiary of Respondent Ocwen Mortgage Servicing, Inc. (NMLS #1089752) (hereinafter "OMS"), a U.S. Virgin Islands corporation with headquarters in St. Croix, US Virgin Islands.

Case Number: PC-2018-0964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 25 of 103 PageID #: 119

8. Respondent OLS is (a) the holder of a Rhode Island Lender License and a Rhode Island Debt Collector Registration and (b) an applicant for a Rhode Island Third Party Loan Servicer License (01/21/2016 Date of Application).

9. Respondent OMS is (a) the holder of a Rhode Island Debt Collector Registration and (b) an applicant for a Rhode Island Third Party Loan Servicer License (01/08/2016 Date of Application).

10. Respondent Homeward Residential, Inc. (NMLS #3984) (hereinafter "HRI") is a Delaware corporation wholly owned by of Homeward Residential Holdings, Inc. (hereinafter "HRS").

11. Respondent HRI is (a) the holder of a Rhode Island Lender License and (b) an applicant for a Rhode Island Third Party Loan Servicer License (01/06/2016 Date of Application).

12. Respondent Ocwen Business Solutions, Inc., (NMLS #1283393) (hereinafter "OBS") is a Philippines corporation owned 99.99% by Ocwen Netherland, B.V. ("ON") in turn owned by Ocwen Luxembourg II S.a.r.l.

13. Respondent OBS is (a) an applicant for a Rhode Island Third Party Loan Servicer License (05/12/2016 Date of Application), and (b) an applicant for a Rhode Island Debt Collector Registration.

14. Respondent Ocwen Financial Solutions Private Limited (NMLS #15877) (hereinafter "OFSP") is an Indian corporation owned by Ocwen Asia Holdings Ltd I ("OAH") a Mauritius corporation in turn owned by Ocwen Luxembourg II S.a.r.l.

15. Respondent OFSP is (a) the holder of a Rhode Island Debt Collector Registration and (b) an applicant for both (i) a Rhode Island Lender License (8/23/16 Date of Application) and (ii) a Rhode Island Third Party Loan Servicer License (03/17/2016 Date of Application).

3

16. The pending Rhode Island Third Party Loan Servicer License Applications submitted by the Respondent Parties on the Dates of Application listed above (hereinafter referred to collectively herein as the "Third Party Servicer Applications") were denied pursuant to the Emergency Order issued by the Department as described in Paragraph 21 below.

## III.   FACTS AND TRAVEL

### A.   MULTI-STATE MORTGAGE COMMITTEE BACKGROUND

17. The compliance terms set forth in Exhibit A hereto entitled "Global Minimum Settlement Terms" are based on terms negotiated by the Multi-State Mortgage Committee ("MMC"), a representative body of state mortgage regulators appointed by the Conference of State Banking Supervisors ("CSBS") and the American Association of Residential Mortgage Regulators ("AARMR") to represent the examination interests of the combined states under the Nationwide Cooperative Protocol and Agreement for Mortgage Supervision, to which Rhode Island is a member.[1]

18. By way of a brief history and travel of this matter under the direction of the MMC, certain "Examining States" conducted a Multi-State Examination of Ocwen covering the period of January 1, 2013 to February 28, 2015 in order to determine Ocwen's compliance with applicable federal and state laws and regulations, financial condition, and control and supervision of the licensed mortgage servicing operations.

19. The Examining States alleged several violations of state and federal law, including, but not limited to: consumer escrow accounts that were unaudited and characterized by inaccurate, confusing and/or misleading escrow statements routinely sent to consumers, including

---

[1] Pursuant to R.I. Gen. Laws § 19-4-3(b), the Department is authorized to share with, and to receive from, CSBS and its affiliates and subsidiaries, documents, materials and other information, including confidential examination materials, subject to maintaining any required confidentiality.

numerous accounts where Ocwen failed to make timely disbursements to pay for taxes and
insurance; ongoing unlicensed servicing activity by Ocwen subsidiaries in numerous
jurisdictions; and Ocwen's significantly deteriorating financial condition. The Examining
States further alleged that Ocwen failed to respond to requests for information in a timely
manner, including failure to provide key financial documents and reconciliations of its
financial statements to regulators.

20. To attempt to address the above issues, the state regulators, including Rhode Island, and Ocwen
entered into a confidential Memorandum of Understanding (MOU) on December 7, 2016,
which MOU required Ocwen to perform a comprehensive audit and reconciliation of all
consumer escrow accounts though Ocwen was allowed to offer an alternative plan for the audit
and reconciliation.

## B. RHODE ISLAND SPECIFIC FACTS AND TRAVEL

21. On April 20, 2017, the Department issued an Emergency Order to the Respondent Parties
pursuant to R.I. Gen. Laws § 42-35-14(c).

22. The Emergency Order included the following findings, closely paraphrased:

    a. The protection of the public welfare and the integrity of the financial marketplace
imperatively required emergency action pursuant to R.I. Gen. Laws § 42-35-14(c) in
order to protect consumers from the harm caused by Respondents' irresponsibility,
untrustworthiness, and disregard of statutory and regulatory mandates and to prevent
further harm to persons who may be relying on Respondents to hold consumer funds
and to effectuate future financial transactions.

    b. Respondents engaged in, were engaging in, or were about to engage in, acts or practices
such that the Department was unable to conclude that Respondents have demonstrated
the financial responsibility, experience, character, and general fitness to warrant the
belief that the company will be operated honestly, fairly, soundly, efficiently and in the
public interest in compliance with R.I. Gen. Laws § 19-14-7(b).

23. On the basis of the above findings, the Emergency Order made the following orders, quoted
verbatim:

Case Number: PC-2018-1862
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 28 of 103 PageID #: 122

a. "Respondents shall immediately cease from acquiring new mortgage servicing rights and acquiring or originating new residential mortgages serviced by Respondents, which mortgage loans are secured by Rhode Island property, until Respondents can provide the Department with a reconcilement of its escrow accounts showing that consumer funds are appropriately collected, properly calculated, and disbursed accurately and timely."

b. "Respondents shall immediately cease acquiring mortgage servicing rights and acquiring or originating new residential mortgages serviced by Respondents, which mortgage loans are secured by Rhode Island property, until Respondents can show it is a going concern by providing a financial analysis that encompasses all of the liabilities it currently maintains, as well as liabilities it has knowledge it will incur in the course of its business."

c. "Respondents shall immediately cease and desist from any and all unlicensed activity in this State, including, without limitation, acting as a third party loan servicer."

24. On April 25, 2017, the Respondents filed a Complaint for Judicial Review of the Emergency Order in Providence County Superior Court (PC-2017-1862).

25. As of December 31, 2016, Respondents reported that they were servicing 6,422 loans secured by Rhode Island property, such loans having an aggregate unpaid principal balance of $1,045,511,167 as of such date.

## IV.   GLOBAL MINIMUM SETTLEMENT TERMS

26. Upon execution of this Consent Order, Respondent Parties will promptly take the actions described in Exhibit A, which is incorporated into this Consent Order and which consists of the "Global Minimum Settlement Terms" referenced in Paragraph 17 herein.

## V.   RHODE ISLAND THIRD PARTY SERVICER LICENSING TERMS

27. Subject to the condition precedent of the Respondents fulfilling any outstanding application requirements and subject to the continuing condition of the Respondents' compliance with the "Global Minimum Settlement Terms" outlined in Section IV above and with the remaining compliance terms in this Section V, the Department will vacate the denial of, reinstate and grant the Third Party Servicer Applications.

6

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 29 of 103 PageID #: 123

28. The Respondents acknowledge that the granting of the Rhode Island Third Party Servicer Applications in no way alters the restrictions in the Global Minimum Settlement Terms as to the scope of activities that can be conducted under the Third Party Loan Servicer Licenses.

29. The Respondents acknowledge that they must maintain any and all approved Third Party Loan Servicer Licenses in good standing, including timely renewal, in order to perform any third party mortgage loan servicing activity in Rhode Island.

30. By the deadline of November 1, 2017, Respondents shall provide the Department with the following information: (a) a list of all loans secured by Rhode Island property presently serviced by Respondents, including the date such loans were originated, (b) a list of all loans secured by Rhode Island property as to which Respondents are acting as a third party servicer (as defined in R.I. Gen. Laws § 19-14-1), including the date such loans were originated, and (c) a list of all pending acquisitions of servicing rights and applications for mortgage loans that would be secured by Rhode Island property that are in the pipeline.

## VI.   RHODE ISLAND GENERAL TERMS

31. This Consent Order is entered into for the purpose of resolving the issues raised in the Emergency Order without any admissions or denials, including no admission of the facts contained in this Consent Order, except for those facts deemed necessary to evidence the authority of the Department.

32. This Consent Order supersedes the prior Emergency Order in its entirety and any and all understandings associated therewith.

33. For the purposes of this Consent Order, and the requirements set forth in Exhibit A, the designated representative for the Department will be:

Sara Cabral
Supervisor of Examinations

Case Number: PC-2018-5954
Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 30 of 103 PageID #: 124
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Division of Banking
Department of Business Regulation
1511 Pontiac Avenue, Building 68
Cranston, RI 02920
sara.cabral@dbr.ri.gov

34. It is the responsibility of the Respondent Parties to assure that the Department's above

designated representative is notified of any change to the Respondent Parties' designated

contact for purposes of communications regarding this Consent Order, which as the time of

execution has been identified as:

Michael Hollerich
Chief Compliance Officer
16675 Addison Road
Addison, Texas 75001
michael.hollerich@ocwen.com

## VII.    RHODE ISLAND STANDARD CONSENT ORDER TERMS

35. Waiver of Administrative Hearing.  By agreeing to resolve this matter through the execution

of this Consent Order, Respondents knowingly and voluntarily waive any right to an

administrative hearing regarding the Emergency Order and this Consent Order.

36. Waiver of Superior Court Appeal.  By agreeing to resolve this matter through the execution

of this Consent Order, Respondents knowingly and voluntarily waive any right to pursue an

appeal to the Superior Court under the Rhode Island Administrative Procedures Act, R.I. Gen.

Laws § 42-35-1 *et seq*. regarding the Emergency Order and this Consent Order. Accordingly,

Respondents will take appropriate action for dismissal of case # PC-2017-1862.

37. Enforcement.  If the Respondents fail to comply with any term or condition of this Consent

Order within any applicable time period set forth herein, the Respondents will be in violation

hereunder and the Department may take immediate and/or heightened enforcement or other

action in accordance with applicable law. Provided Respondents comply with the terms of this

Case Number: PC-2018-3954
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 31 of 103 PageID #: 125

Consent Order, the Department will not seek additional penalties related to the allegations contained in the Consent Order or the findings of the escrow review described in Exhibit A, provided, however, nothing in the Consent Order prohibits the Department from taking administrative action on new issues discovered during the pendency of the Consent Order, or thereafter.

38. Compliance; Other Laws. Compliance with the terms of this Consent Order does not relieve the Respondents of any obligation to comply with other applicable laws or regulations administered by or through the Department or any other governmental agency.

39. Miscellaneous. This Consent Order shall be deemed entered into as of the date of execution by all parties. This Consent Order shall be binding upon Respondent's successors through a merger or sale of substantially all of Respondent's assets. This agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

SIGNATURES ON NEXT PAGE

## NOTICE PURSUANT TO R.I. GEN. LAWS § 42-35-12

THIS ORDER CONSTITUTES A FINAL ACTION OF THE DEPARTMENT OF BUSINESS REGULATION PURSUANT TO RHODE ISLAND GENERAL LAWS TITLE 42, CHAPTER 35. FINAL AGENCY ACTIONS ARE GENERALLY APPEALABLE TO THE SUPERIOR COURT WITHIN THIRTY (30) DAYS OF THE DATE OF THE ACTION BY FILING A PETITION FOR REVIEW OF SAID COURT. HOWEVER, THE RESPONDENT IS HEREBY NOTIFIED THAT BY WAIVING ITS RIGHT TO A COMPLETE HEARING AND AGREEING TO THIS CONSENT ORDER, ANY SUCH RIGHT OF APPEAL HAS BEEN WAIVED.

Case Number: PC-2018-5584
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

**For the Department:**


Signature          Date

Elizabeth K. Dwyer
Superintendent of Banking and Insurance
and Interim Director

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

**For OLS, OFSPL, and OMS:**

Signature _____       Date  9/28/2017

Timothy Hayes
Executive Vice President for OLS and OMS
Director for OFSPL

Case Number: PC-2018-5564
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

**For Ocwen Business Solutions, Inc.:**

_____                    19/27/17
Signature,                                   Date

Patricia Ann L. Guilatco
President

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

**For Homeward Residential, Inc.:**

_____    9 - 28 - 17
Signature                                       Date

Gregory G. O'Connor
President

13

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

## CERTIFICATION

I hereby certify that on this *29* day of *September*, 2017, a copy of the executed Consent Order was sent by first class mail postage prepaid and certified mail postage prepaid to:

Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

And via email to:

Haydn J. Richards, Esq.
Bradley
hrichards@bradley.com

John B. Daukas, Esq.
Goodwin Procter LLP
jdaukas@goodwinlaw.com

Timothy Hayes, Esq.
General Counsel
Ocwen Loan Servicing, LLC
timothy.hayes@ocwen.com

And via email to the following persons at the Department of Business Regulation:

Jenna Algee, Esq.
Deputy Chief of Legal Services

Elizabeth K. Dwyer
Superintendent of Banking and Insurance, and Interim Director

Sara Paterson Cabral
Supervisor of Examinations, Division of Banking

Pamela Toro, Esq.
Chief of Legal Services

Sara Tindall-Woodman, Esq.
Legal Counsel

14

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

# Exhibit A

## Global Minimum Settlement Terms

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 38 of 103 PageID #: 132

I.      MORTGAGE SERVICING RIGHTS RESTRICTION.

    a. MORTGAGE SERVICING RIGHTS RESTRICTION. Except as set forth in paragraphs (b), (c) and (e) below, Ocwen Financial Corporation and its subsidiaries and affiliates (collectively, "Ocwen") shall not acquire any residential mortgage servicing rights (MSRs) until April 30, 2018.

    b. REALSERVICING RESTRICTION. Ocwen shall not board any new loans onto the REALServicing platform at any time. This restriction does not apply to loans that are (i) already serviced on the REALServicing platform, including those that are subsequently modified and/or refinanced or those that are subsequently converted to an arrangement whereby Ocwen acts as sub-servicer, or (ii) required to be repurchased by Homeward Residential, Inc. or Ocwen.

    c. NEW ORIGINATIONS. Ocwen may originate through broker, retail, or wholesale, or acquire through correspondent lender relationships, new residential mortgage loans, including, but not limited to, traditional mortgage loans, and reverse mortgages so long as they will not be boarded, even temporarily, to the REALServicing platform. Any such loans must, instead, be sub-serviced by an unaffiliated, licensed and/or exempt entity, although Ocwen may retain the associated MSRs. Until April 30, 2018, any growth through acquisition from correspondent relationships must be limited to no more than ten (10) percent per calendar year of the total number of loans held by Ocwen at prior calendar year end.

    d. NEW SERVICING PLATFORM. Ocwen shall develop a detailed Plan of Action and Milestones (POAM) for the transfer of all residential mortgages currently administered on the REALServicing platform to other servicing platform(s) that will enable Ocwen to comply with applicable mortgage servicing standards for its residential mortgage portfolios. The POAM shall include a timeline for accomplishing each milestone in the POAM in order to complete the transfer within a commercially reasonable time. The proposed POAM shall be submitted to the designated representative of the state regulator identified in the Consent Order ("State Regulator"). Ocwen shall provide to the designated representative quarterly updates on the POAM until the transfer of all residential mortgages has been completed.

    e. POTENTIAL MERGER OR ACQUISITION PROVISIONS. In the event that Ocwen chooses to merge with or acquire an unaffiliated company or its assets in order to effectuate a transfer of loans from the REALServicing platform, Ocwen must give the State Regulator thirty (30) days prior notice to the signing of any final agreement and the opportunity to object within thirty (30) days from such notice. If no objection is received, the provisions of paragraph (a) above shall not prohibit the transaction, including the related transfer of MSRs or mortgage loans between the companies, or limit the transfer of loans from the

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 39 of 103 PageID #: 133

REALServicing platform onto the merged or acquired company's alternate servicing platform. In the event that an unaffiliated company merges with or acquires Ocwen or Ocwen's assets, none of the above paragraphs within this Section I shall prohibit said transaction, including the related transfer of MSRs or mortgage loans between the companies, or limit the transfer of loans from the REALServicing platform onto the merging or acquiring company's alternate servicing system.

II.   ESCROW REVIEW PROCESS.

    a.   SCOPE OF ESCROW REVIEW. Ocwen will employ an independent third-party auditor ("Auditor") to review all escrow transactions on the REALServicing platform, in a representative sample of escrowed loans serviced by Ocwen in the signatory states between January 1, 2013 and June 30, 2017, as set forth in II.c. below.

    b.   INDEPENDENT THIRD-PARTY AUDITOR. Ocwen has generated a request for proposal ("RFP") setting forth information about the Auditor's engagement and defining the specific escrow transactions to be reviewed. The states had an opportunity to review and object to the RFP. Ocwen will select the Auditor and notify the signatory states of the proposed Auditor. Ocwen will engage the Auditor within ten (10) days of notification to the signatory states unless the signatory states object to the Auditor. If the signatory states object, the parties will make a good faith effort to promptly resolve any objections, including potential engagement of a different entity as the Auditor.

    c.   AUDIT PLAN. The Auditor's testing methodology shall be consistent with the RFP and shall be set forth in a plan ("Audit Plan") agreed to by Ocwen and the Auditor and not objected to by the signatory states. The Audit Plan will be submitted to the signatory states within sixty (60) days of the Auditor's engagement, unless otherwise agreed to by the parties, and the states must submit any objections within ten (10) days after submission. The Audit Plan must be completed by February 1, 2018, and the Auditor must begin testing by March 1, 2018. The Auditor may revise the Audit Plan to the extent revisions become necessary during its testing, provided it is consistent with the RFP and provided Ocwen agrees to the revision and the signatory states do not object to the revision.

    d.   SAMPLING METHODOLOGY.

        i.   REPRESENTATIVE REVIEW. The Auditor will review a random, statistically significant sample of escrowed loans. The population of escrowed loans is limited to those where the property is located in one of the signatory states. The statistically significant sample size shall be at a 95% confidence level, 5% expected margin of error, and 2% precision

17

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

level. The sample of loans will be allocated on a pro-rata basis amongst the signatory states based on the percentage share for each state, with every signatory state having at least five (5) loans reviewed. If any state has less than five (5) loans sampled as a result of the pro-rata allocation, additional loans shall be sampled to ensure that each state has at least five (5) loans reviewed, but without a commensurate increase for a signatory state not subject to the minimums described above.

ii. STRATIFIED REVIEW. The Auditor will review a statistically significant sample of each of the identified strata at a 95% confidence level, 5% expected margin of error, and 2% precision level.

1. The identified strata are divided into two categories: 1) "Pro-Rata Allocation Only" and "Pro-Rata Allocation Plus."

2. The Pro-Rata Allocation Only strata are:
   a. HOA foreclosures,
   b. second liens,
   c. loans with biweekly payments, and
   d. current loans with either positive or negative escrow balances greater than $10,000.

3. The Pro-Rata Allocation Plus strata are
   a. ARMs,
   b. loans 60+ days past due,
   c. HAMP modifications,
   d. Shared Appreciation modifications (SAM loans),
   e. non-HAMP modifications,
   f. bankruptcy,
   g. loans with PMI only,
   h. loans with flood insurance,
   i. condo master policy loans,
   j. loans with negative escrow balances when transferred,
   k. loans with negative escrow balances for 3+ consecutive months,
   l. loans with borrower complaints,
   m. loans with capitalized escrow, and
   n. loans with lender placed insurance.

4. For the Pro-Rata Allocation Only strata, the Auditor will ensure the strata testing population is allocated on a pro-rata basis amongst the signatory states based on the percentage of Ocwen's overall portfolio attributable to each state.

5. For the Pro-Rata Allocation Plus strata, the pro-rata allocation will

18

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 41 of 103 PageID #: 135

be adjusted, as necessary, to ensure the Auditor reviews at least five (5) escrowed loans per strata for each signatory state.

6. To the extent the Auditor increases the Pro-Rata Allocation Plus sample to meet the minimums described above, the overall population will also increase, without a commensurate increase in the Pro-Rata Allocation Plus for a signatory state not subject to the minimums described above.

e. TESTING METHODOLOGY. In accordance with the testing methodology provisions of the RFP, the Auditor will identify instances where Ocwen did not administer an escrow account for a sampled loan in compliance with laws governing escrow under the Real Estate Settlement Procedures Act, as implemented by Regulation X, the Truth in Lending Act, as implemented by Regulation Z, the Homeowners Protection Act, and R.I. Gen. Laws § 19-9-2 related to escrow ("Error"). For each Error found, the Auditor will, to the extent the information is reasonably accessible, set forth:
   i. the name of the borrower,
   ii. the state where the property is located,
   iii. the nature of the error,
   iv. the date of the Error,
   v. the date Ocwen first became aware of the Error,
   vi. how the Error came to Ocwen's attention (internal process, third-party notification, consumer complaint, regulatory agency, etc.),
   vii. an analysis of whether the error caused financial harm, including
       1. basis for determination, and
       2. the amount of any harm.
   viii. if the Error was remediated, and, if so, how and when it was remediated.
   ix. For any unidentified or unremediated Errors, the Auditor must provide information regarding why the Error was not identified and/or remediated. During the review, the Auditor will also determine if the Error caused any financial harm to the borrower.

f. CORRECTIVE ACTIONS. If the Auditor identifies Errors previously remediated by Ocwen, regardless of whether they resulted in financial harm as defined in the Audit Plan, the Auditor will confirm that the corrective actions were sufficient to: (1) remediate the Error, and remediate any other similarly impacted borrowers, and (2) prevent the Error from recurring. Ocwen will provide the state signatory representative with documentation of any corrective actions to address any previously remediated Errors. Should the Auditor determine that Ocwen did not fully remediate the Error(s) and/or that Ocwen has not taken sufficient corrective action to prevent the Error(s) form recurring, then Ocwen shall submit within 60 days of Escrow Report a corrective action plan (including remediation if applicable) to be approved by the state signatory representative. If the Auditor identifies a non-remediated Error, Ocwen shall submit within 60 days of Escrow Report a corrective

19

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

action plan to be approved by the state signatory representative that will remediate the Error, and remediate any other similarly impacted borrowers, including the provision of restitution to fully correct financial harm, and/or to prevent the Error from recurring. In the event Ocwen implements remediation to address a non-remediated Error, the Auditor will review a statistically valid sample of borrowers potentially impacted by each root cause to confirm the remediation efforts were successfully completed. In all instances, the Auditor will confirm that Ocwen's corrective action plans and remediation efforts are sufficient and no loan shall be boarded onto a new system pursuant to the POAM with a known, unremediated error.

g. ESCROW REPORT. The Auditor will generate a report setting forth the results of its audit ("Escrow Report"), pursuant to the timeframes agreed upon in the Audit Plan. The Escrow Report will identify any information that, in the Auditor's opinion, is relevant to its report. At a minimum, the Escrow Report will include the information described in Paragraphs II.(d)-II.(f) of this Agreement. The final report, and any drafts, shall be provided simultaneously to Ocwen and the signatory states. Ocwen shall have the right to submit written comments to the Auditor, which shall be appended to the final version of the Escrow Report.

III.   COMPLAINT PLAN

a. No later than sixty (60) days after this Consent Order is issued by the State Regulator, Ocwen shall submit to the State Regulator for review and determination of non-objection a comprehensive consumer complaint resolution plan ("Complaint Plan") designed to ensure that the company will properly document, timely investigate and remediate consumer complaints as defined in 12 CFR 1024.35. The Complaint Plan shall include, at a minimum:

   i. robust, board-approved policies and procedures to ensure that all consumer complaints are documented and timely investigated, any errors found as a result of a complaint are remediated, and errors found that may impact other accounts are escalated for further investigation and/or remediation;
   ii. a formal internal review process to ensure all complaints are processed in accordance with the policies and procedures adopted under this Complaint Plan;
   iii. training on revised complaint procedures for all employees no later than 180 days from the date of this order;
   iv. a program establishing annual, mandatory complaint resolution training for employees who may receive any form of complaint from a consumer or are otherwise involved in the complaint resolution process; and
   v. detailed steps for addressing each action required by the Complaint Plan.

IV.   FINANCIAL CONDITION.

a.  ONE YEAR FINANCIAL CONDITION PLAN. Within thirty (30) business days,
Ocwen will submit a written plan demonstrating how it will remain a going concern
for a period of one (1) year from the Effective Date of this Order ("One-Year
Financial Condition Plan"). The One-Year Financial Condition Plan, at a minimum,
must take into account, in accordance with Generally Accepted Accounting
Principles, all known and reasonably anticipated future liabilities including, but not
limited to, costs of necessary audits and anticipated regulatory, law enforcement,
or other litigation liabilities or costs exceeding one (1) million dollars arising from
any final orders/judgments or settlements and must also demonstrate how Ocwen
will comply with all applicable liquidity and capital requirements.

b.  THREE YEAR FINANCIAL CONDITION PLAN. Ocwen previously submitted to
the MMC a three (3) year financial condition plan ("Three-Year Financial
Condition Plan"), which must be updated by Ocwen on or before September 30,
2017 and each signatory state shall receive a copy of the updated report.

c.  ONGOING FINANCIAL CONDITION REPORTING. Ocwen will provide
additional updates every six (6) months going forward for a period of three (3)
years, unless a signatory state releases Ocwen from this requirement earlier. Ocwen
shall notify each signatory state if and when any event occurs that could materially
impact Ocwen's financial condition, including, but not limited to, any actual or
anticipated liabilities or costs exceeding five (5) million dollars or if Ocwen drops
below or projects to drop below any applicable liquidity or capital requirement,
within ten (10) business days of the occurrence of any such event(s). Ocwen will
submit the following reports with the One-Year Financial Condition Plan, and
Ocwen will continue to submit these reports for a period of three (3) years and one
(1) month from the Effective Date of this Agreement:
    i.   Monthly financial statements that track actual earnings compared to
         forecasted earnings during the same time period, to be submitted to each
         signatory state for each month on or before the last day of the following
         month;
    ii.  A monthly liquidity report that demonstrates daily liquidity tracking with
         forecasts on liquidity positions over thirty (30), sixty (60), and ninety (90)
         days, to be submitted to each signatory state on or before the fifteenth (15th)
         day of each month;
    iii. A monthly report documenting compliance with internal policies and
         procedures governing limits on exposure to market risk, including, but not
         limited to, interest rate risk, to be submitted to each signatory state for each
         month on or before the last day of the following month; and
    iv.  A quarterly going concern analysis, which shall include covenant and
         capital reporting that tracks any and all financial or regulatory covenants
         Ocwen is obligated to comply with and whether Ocwen remains in
         compliance with those covenants, to be submitted to each signatory state
         forty-five (45) days after the end of each calendar quarter, with the exception
         of the last quarterly report for each calendar year, which shall be submitted

Case Number: PC-2018-9964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 44 of 103 PageID #: 138

ninety (90) days after the end of such quarter.

d. ACKNOWLEDGEMENT OF RECEIPT. Each signatory state will designate a point of contact to whom Ocwen will submit the documents described in Section IV of this Agreement. Such person must acknowledge receipt of the documents within fifteen (15) calendar days of Ocwen's submission. In addition, the signatory states will identify any alleged deficiencies in the reports within sixty (60) calendar days of Ocwen's submission. The parties will make a good faith effort to promptly resolve any alleged deficiencies.

e. RELEVANT ENTITY. Ocwen will submit the documents described in Section IV of this Agreement for Ocwen Financial Corporation.

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Exhibit 2

Case Number: PB-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

BK L4111 Pg192 $43
07-12-2017 a 10:32a

## STATUTORY FORM OF FORECLOSURE DEED
## UNDER POWER OF SALE IN MORTGAGE

HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1, with a place of business located at c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409, holder of a mortgage by Artur Andrade and Julia Andrade fka Julia Goncalves dated December 5, 2006, and recorded in the Records of Land Evidence on December 11, 2006 in Pawtucket, State of Rhode Island, in Land Evidence Book L2779, Page 113 by the power conferred by said mortgage and by every other power it thereunto enabling, for One Hundred Ninety-Seven Thousand Four Hundred Fifty Dollars and No Cents ($197,450.00) paid, grants to HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 of c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 the premises conveyed by said mortgage, described as follows:

That certain lot or parcel of land with all buildings and improvements thereon, situated in said City of Pawtucket, County of Providence, State of Rhode Island, on the northerly side of West Lawn Avenue, laid out and designated as Lot No. 17 on the plat entitled, "M.J. Gallagher Plat No. 1, Fairlawn District, Pawtucket, R.I., J.E. Judson, C.E.", which said plat is recorded in the land records of said Pawtucket on plat card 321.

Conveyance is made subject to local, state and federal taxes, assessments and charges, if any, which would constitute a prior lien thereon; and to restrictions, covenants and easements of record, if any.

This transfer of property is such that there are no net proceeds subject to the withholding provisions of R.I.G.L. 44-30-71.3 because there was no net gain or surplus proceeds derived from the foreclosure sale.



Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

14-018610/FCR2

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Case 1:18-cv-00385-WES-LDA   Document 1-3   Filed 07/11/18   Page 47 of 103 PageID #: 141

Bk L4111 Pg193 #43

IN WITNESS WHEREOF HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 by its Attorney in Fact, Ocwen Loan Servicing, LLC has caused this instrument to be executed by its duly authorized signor this ___ day of _____, 2017.

<div style="text-align:right">

HSBC Bank USA, National Association, as Trustee
for Option One Mortgage Loan Trust 2007-HL1,
Asset-Backed Certificates, Series 2007-HL1
By: Ocwen Loan Servicing, LLC
Its: Attorney in Fact

By: _____
Name: Kerry Bom
Title: Contract Management Coordinator

</div>

*See Power of Attorney recorded herewith.

STATE OF FLORIDA
COUNTY OF  PALM BEACH

The foregoing instrument was acknowledged before me this ___ day of _____ 2017, by _____ Kerry Bom _____ as Contract Management Coordinator for Ocwen Loan Servicing, LLC who is the attorney in fact for HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 , who is personally known to me or who has produced _____ as identification to be the person who signed the preceding or attached document, and acknowledged to me that he/she executed the same for its stated purpose and as the free act and deed of HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1.

_____
Signature of Notary Public

Name of Notary Public: __ Beonide Durandisse __

Personally known: _____

OR Produced Identification: _____

Type of Identification Produced: _____

Notary Public State of Florida
Beonide Durandisse
My Commission FF 957268
Expires 04/28/2020

Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

14-018610/FC03

Bk L4111 Ps194 #43

## AFFIDAVIT OF SALE UNDER
## POWER OF SALE IN MORTGAGE

I, __Marlene Saunders__ (name), __Contract Management Coordinator__ (title) of Ocwen Loan Servicing, LLC as Attorney in Fact for HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 the Grantor named in the foregoing deed, make oath and say that the principal and interest obligations mentioned in the mortgage above-referred to were not paid or tendered or performed when due or prior to the date of sale, and that The Law Offices of Korde & Associates, P.C. caused to be published on May 10, 2017, May 17, 2017 and May 24, 2017 in The Times, a public newspaper published in Pawtucket in accordance with the provisions of said mortgage, a notice of said sale of which the following is a true copy:

**MORTGAGEE'S SALE**
**109 West Lawn Avenue,**
**Pawtucket, RI 02860**

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on June 1, 2017 at 12:00PM on the premises, by virtue of the power of sale contained in a mortgage from Artur Andrade and Julia Andrade fka Julia Goncalves dated December 5, 2006 and recorded in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI, the conditions of said mortgage having been broken.

$5,000.00 in cash, certified or bank check is required to bid. Other terms will be announced at the sale.

By order of the Mortgagee which gives notice of its intention to bid at such sale or any postponement or adjournment thereof.

**KORDE & ASSOCIATES, P.C.**
**Attorneys for the Holder of the Mortgage**
**900 Chelmsford Street, Suite 3102**
**Lowell, MA 01851**
**(978) 256-1500**
**(5/10/2017, 5/17/2017, 5/24/2017)**
**14-018610**

Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

14-018610 / FC03

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg195   #43

I the undersigned make oath and say that pursuant to R.I.G.L. 34-11-22 and 34-27-4, the Law Office of Korde & Associates, P.C. mailed, or caused to be mailed, on April 7, 2017 by certified mail, return receipt requested, written notice of the time and place of foreclosure sale to the record owner(s) as required by R.I.G.L. 34-11-22 and 34-27-4. A copy of said notice is made a part hereof as Addendum "A".

Pursuant to said notice, at the time and place therein appointed, HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 sold the mortgaged premises at public auction by Richard C. Jumpp of The Jumpp Company an auctioneer duly licensed by the State of Rhode Island to HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 of c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 for One Hundred Ninety-Seven Thousand Four Hundred Fifty Dollars and No Cents ($197,450.00) by he/she/them paid, being the highest bid made for said premises at said auction.

To the best of my knowledge, information, and belief the record owner(s) of the property described in said mortgage Julia Andrade a/k/a Julia Goncalves and Artur Andrade and Maria A. Jaimes, were not "a person in the Military Service" of the United States of America, as defined by the Soldiers' and Sailors' Civil Relief Act of 1940 and the Servicemembers Civil Relief Act, as amended, and were not in the "Military Service" as defined by said Act at the time of the commencement of the within foreclosure proceedings or at the time of sale under the power given by said mortgage or at any time within the period of twelve months immediately preceding said sale.

I further make oath and say that the above facts have been ascertained after investigation duly made and that I am familiar with the contents of said Soldiers' and Sailors' Civil Relief Act of 1940 and the Servicemembers Civil Relief Act, as amended.

I further on oath say that pursuant to R.I.G.L. 34-27-4(c) and (d), the Law Office of Korde & Associates, P.C. mailed, or caused to be mailed, on April 7, 2017 by first class mail and by certified mail, return receipt requested, written notice as required by R.I.G.L. 34-27-4(c) and (d).

HSBC Bank USA, National Association, as Trustee for
Option One Mortgage Loan Trust 2007-HL1, Asset-
Backed Certificates, Series 2007-HL1
By:  Ocwen Loan Servicing, LLC
Its:  Attorney in Fact

By: _____ 6/6/17
Name:   Marlene Saunders
Title:
         Contract Management Coordinator

*See Power of Attorney recorded herewith.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged and sworn before me this ____ day of _____, 2017, by Marlene Saunders as Contract Management Coordinator for Ocwen Loan Servicing, LLC who is the attorney in fact for HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1, who is personally known to me or who has produced _____ as identification.

_____
Notary Public:
My commission expires: _____   Jacqueline S. Michaelson

Name of Notary Public: _____

Personally known: _____

OR Produced Identification: _____

Type of Identification Produced: _____

Notary Public State of Florida
Jacqueline S Michaelson
My Commission FF 997317
Expires 05/31/2020

Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

14-015410 / FC03

Case Number: PC-2018-9964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps196   #43



# KORDE & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

### Addendum

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

**Certified Article Number**

9434 7266 9904 2075 4552 66

**SENDERS RECORD**

April 7, 2017

Maria A. Jaimes
94 Cleveland Street
Pawtucket, RI 02860

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps197  #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

### SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2095 4566 48

SENDERS RECORD

April 7, 2017

Maria A. Jaimes
4 Spencer Street
Pawtucket, RI 02860

**VIA FIRST CLASS MAIL &**
**CERTIFIED MAIL RETURN RECEIPT**
**REQUESTED NO.**

Please reference our File #:  14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
2006 at 8:38AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps198   #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

**Certified Article Number**

9414 7266 9904 2095 4582 59

**SENDERS RECORD**

April 7, 2017

Artur Andrade
215 Cameron Street 217
Pawtucket, RI 02861

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn-G.

Bk L4111 Pg199  #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2095 4586 93

SENDERS RECORD

April 7, 2017

Julia Andrade fka Julia Goncalves
215 Cameron Street 217
Pawtucket, RI 02861

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg200   #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

### SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2095 4562 42

SENDERS RECORD

April 7, 2017

Artur Andrade                        VIA FIRST CLASS MAIL &
217 Cameron Street                   CERTIFIED MAIL RETURN RECEIPT
Pawtucket, RI 02861                  REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
      2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
      Pawtucket, RI
      Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

      Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

      A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

      THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

      In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

      If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps201 #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2075 4566 86

SENDERS RECORD

April 7, 2017

Julia Andrade fka Julia Goncalves
217 Cameron Street
Pawtucket, RI 02861

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg202    #43



# KORDE & ASSOCIATES, P.C.

## ATTORNEYS AT LAW

### SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

**Certified Article Number**

9414 7266 9904 2045 4586 62

**SENDERS RECORD**

April 7, 2017

Julia Andrade a/k/a Julia Goncalves
217 Cameron Street, 1
Pawtucket, RI 02861

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:    Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

### 900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg203 #43

# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

4414 7266 9904 2095 4586 79

SENDERS RECORD

April 7, 2017

Artur Andrade
217 Cameron Street, 1
Pawtucket, RI 02861

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
      2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
      Pawtucket, RI
      Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

      Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

      A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

      THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

      In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

      If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM — 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3954
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg204 #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

**Certified Article Number**

9414 7266 9904 2075 4569 69

**SENDERS RECORD**

April 7, 2017

Maria A. Jaimes
109 West Lawn Avenue
Pawtucket, RI 02860

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:  Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
     Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shiana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg205   #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

### SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

April 7, 2017

Certified Article Number

9414 7266 9904 2095 4586 31

SENDERS RECORD

Artur Andrade
109 West Lawn Avenue
Pawtucket, RI 02860

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been
discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely
intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be
instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps206 $43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

**Certified Article Number**

7434 7266 7704 2075 4583 34

**SENDERS RECORD**

April 7, 2017

Julia Andrade a/k/a Julia Goncalves
109 West Lawn Avenue
Pawtucket, RI 02860

VIA FIRST CLASS MAIL &
CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE: Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 at 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. If, however, the debt secured by your mortgage has been discharged in bankruptcy, no demand for payment of the loan is being made and this letter is solely intended to advise you of the pending liquidation of the loan.

In the event that there is a deficiency resulting from said foreclosure, proceedings may be instituted against you for the purpose of collecting said deficiency.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg207 #43



# KORDE & ASSOCIATES, P.C.

## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2075 4586 55

SENDER'S RECORD

April 7, 2017

Artur Andrade and Julia Andrade a/k/a Julia Goncalves
C/O John S. Simonian, Esquire
376 Broadway
P.O. Box 3663
Cranston, RI 02910

CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:     Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
        2006 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
        Pawtucket, RI
        Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860
        BANKRUPTCY CASE NO: 1:16-10506

Dear Sir/Madam:

     Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

     A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

     If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg208 #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

7424 7266 9904 2095 4563 27

SENDERS RECORD

April 7, 2017

Narragansett Bay Commission
One Service Road
Providence, RI 02905

CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:  Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps209 #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2095 4582 97

SENDERS RECORD

April 7, 2017

City of Pawtucket
137 Roosevelt Avenue
Pawtucket, RI 02860

CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE:   Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps210  #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

Certified Article Number

9414 7266 9904 2095 4583 03

SENDERS RECORD

April 7, 2017

City of Pawtucket
Zoning & Code Enforcement
137 Roosevelt Avenue, Room 104
Pawtucket, RI 02860

CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #:  14-018610/Andrade

RE:     Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
        2006 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
        Pawtucket, RI
        Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

        Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

        A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

        If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-5984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg211 #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND



Certified Article Number

9414 7266 9904 2095 4583 10

SENDERS RECORD

April 7, 2017

Gary L. Donahue, Assistant U.S. Trustee
Office of the U.S. Trustee
U.S. Courthouse
One Exchange Terrace, Suite 431
Providence, RI 02903

CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

RE:     Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11,
        2006 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of
        Pawtucket, RI
        Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860
        BANKRUPTCY CASE NO: 1:16-10506

Dear Sir/Madam:

        Please be advised that I have been instructed by the Holder of the Mortgage to commence a
foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold
at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue,
Pawtucket, RI 02860.

        A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017,
May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

        If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg212 #43



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

### SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

April 7, 2017

Certified Article Number

7414 7266 9904 2095 4582 80

SENDERS RECORD

Rhode Island Housing
43 Jefferson Boulevard
Warwick, RI 02888

CERTIFIED MAIL RETURN RECEIPT
REQUESTED NO.

Please reference our File #: 14-018610/Andrade

### Notice of Intent to Foreclose

RE:    Option One Mortgage Corporation dated December 5, 2006 and as recorded on December 11, 2006 8:58AM in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI
Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

Dear Sir/Madam:

Please be advised that I have been instructed by the Holder of the Mortgage to commence a foreclosure of the property at 109 West Lawn Avenue, Pawtucket, RI 02860. The property will be sold at a public auction on June 1, 2017 at 12:00PM on the premises of said 109 West Lawn Avenue, Pawtucket, RI 02860.

A copy of the Notice of Sale, which is to be published in the Pawtucket Times on May 10, 2017, May 17, 2017 and May 24, 2017 concerning this foreclosure is attached hereto.

If you have any questions regarding this matter, please contact my office.

Very truly yours,

Shana L. Costa

SLC/ke

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg213 #43

OK

## MORTGAGEE'S SALE
### 109 West Lawn Avenue, Pawtucket, RI 02860

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on June 1, 2017 at 12:00PM on the premises, by virtue of the power of sale contained in a mortgage from Artur Andrade and Julia Andrade fka Julia Goncalves dated December 5, 2006 and recorded in Book L2779 at Page 113 in the Records of Land Evidence in the City of Pawtucket, RI, the conditions of said mortgage having been broken.

$5,000.00 in cash, certified or bank check is required to bid. Other terms will be announced at the sale.

By order of the Mortgagee which gives notice of its intention to bid at such sale or any postponement or adjournment thereof.

KORDE & ASSOCIATES, P.C.
Attorneys for the Holder of the Mortgage
900 Chelmsford Street
Suite 3102
Lowell, MA 01851
(978) 256-1500

(5/10/2017, 5/17/2017, 5/24/2017)

14-018610

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg214 #43

## AFFIDAVIT OF EXEMPTION FROM R.I. GEN. LAWS § 34-27-3.2
### (FOR MORTGAGORS MORE THAN 120 DAYS DELINQUENT ON OR BEFORE SEPTEMBER 12, 2013)

I, _____Evette Morales_____ (name), _Contract Management Coordinator_ (title) of Ocwen Loan Servicing, LLC as Attorney in Fact for HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1, hereby affirm under oath that:

1. I have personal knowledge of the matters referred to herein.

2. HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 is the holder of a mortgage by Artur Andrade and Julia Andrade fka Julia Goncalves dated December 5, 2006, and recorded in the Records of Land Evidence on December 11, 2006 in Pawtucket, State of Rhode Island, in Land Evidence Records in Book L2779 at Page 113 ("Mortgage") and identified as Plat 50 and Lot 243.

3. HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 is exempt from complying with R.I. Gen. Laws § 34-27-3.2 because the Mortgagor is or was more than one hundred twenty (120) days delinquent on or before September 12, 2013.

4. For the reasons set forth above, HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1 is exempt from compliance with the requirements of R.I. Gen Laws § 34-27-3.2.

HSBC Bank USA, National Association, as Trustee
for Option One Mortgage Loan Trust 2007-HL1,
Asset-Backed Certificates, Series 2007-HL1 by its
Attorney in Fact, Ocwen Loan Servicing, LLC

By: _Evette Morales_  6|9|17
Name: Evette Morales
Title: Contract Management Coordinator

*See Power of Attorney recorded herewith.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged and sworn before me this 9th day of June, 2017, by Evette Morales as Contract Management Coordinator for Ocwen Loan Servicing, LLC who is the attorney in fact for HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1, who is personally known to me or who has produced _____ as identification.

_____
Signature of Notary Public

Name of Notary Public: Carrie E. Priebe

Personally known: ✓

OR Produced Identification: _____

Type of Identification Produced: _____

Notary Public State of Florida
Carrie E Priebe
My Commission FF 007297
Expires 04/28/2020

Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

14-016410/PC03

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Pg215  #43

## AFFIDAVIT OF COMPLIANCE WITH CONDITIONS
### PRECEDENT TO ACCELERATION AND SALE

**Property Address:**          109 West Lawn Avenue
                                        Pawtucket, Rhode Island

**Mortgagors:**                Julia Andrade a/k/a Julia Goncalves and Artur Andrade
**Mortgage:**                  Option One Mortgage Corporation

**Foreclosing Mortgagee:**     HSBC Bank USA, National Association, as Trustee for Option
                                        One Mortgage Loan Trust 2007-HL1, Asset-Backed
                                        Certificates, Series 2007-HL1

The undersigned, _____ Kerry Born _____, having personal knowledge of the facts
herein stated, under oath deposes and says as follows:

1.  I am an officer or employee of Ocwen Loan Servicing, LLC, a duly authorized agent of
    Foreclosing Mortgagee, where I hold the office or title of ____ Contract Management Coordinator
    _____. Ocwen Loan Servicing, LLC, is the current servicer of the above-referenced
    mortgage loan.

2.  In the regular course of my job responsibilities, I am familiar with Ocwen Loan
    Servicing, LLC,'s business processes and procedures and the methods by which Ocwen
    Loan Servicing, LLC,'s business records are made and maintained. I have acquired
    personal knowledge of the information contained in this affidavit as a result of my review
    of Ocwen Loan Servicing, LLC,'s business records pertaining to the above-referenced
    mortgage, which include data compilations, electronically imaged documents, and
    servicing and loan payment histories. These records are reliable because they are made at
    or near the time of the activity and transactions reflected in the records, by or from
    information transmitted by persons with knowledge of the activity and transactions, and
    are kept in the course of Ocwen Loan Servicing, LLC,'s regularly conducted business
    activities. To the extent records related to the loan come from another entity, those
    records have been integrated into and are now a part of Ocwen Loan Servicing, LLC,'s
    business records maintained in the ordinary course, and have been relied on by Ocwen
    Loan Servicing, LLC. It is the regular practice of Ocwen Loan Servicing, LLC, to
    make and maintain these records as part of its mortgage servicing obligations and
    operations.

Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

14-018610/FC03

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L4111 Ps216 #43

3.  Based upon my review of the business records of Ocwen Loan Servicing, LLC, I certify
that prior to accelerating the above-referenced mortgage loan:  [Check One]

☐  Notice(s) of Default to Mortgagor(s) has/have been given prior to acceleration by
the then holder of the note secured by said mortgage, or by the holder's duly
authorized agent, in strict compliance with the notice requirements set forth in the
mortgage;

☒  All notices, requirements and conditions precedent were made and/or satisfied in
strict compliance with the terms of the mortgage.

Signed under the pains and penalties of perjury this 3 day of July , 2017.

> HSBC Bank USA, National Association, as Trustee
> for Option One Mortgage Loan Trust 2007-HL1,
> Asset-Backed Certificates, Series 2007-HL1 by its
> Attorney in Fact, Ocwen Loan Servicing, LLC

> By: _____
> Name:          Kerry Born
> Title:   Contract Management Coordinator

*See Power of Attorney recorded herewith.

STATE OF FLORIDA
COUNTY OF  PALM BEACH

The foregoing instrument was acknowledged and sworn before me this 3 day
of  July  2017, by  Kerry Born  as  Contract Management Coordinator  for
Ocwen Loan Servicing, LLC who is the attorney in fact for HSBC Bank USA, National
Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed
Certificates, Series 2007-HL1, who is personally known to me or who has
produced_____ as identification.

_____
Signature of Notary Public

Name of Notary Public:  Rafael Gonzalez

Personally known: _____

OR Produced Identification: _____

Type of Identification Produced: _____

Notary Public State of Florida
RAFAEL GONZALEZ
My Commission GG 045659
Expires 11/08/2020

Assessors Plat 50, Lot 243

Property Address: 109 West Lawn Avenue, Pawtucket, RI 02860

I4-018610 / FC03

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Exhibit 3

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

WHEN RECORDED MAIL TO:

OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096

ATTN:  RECORDS MANAGEMENT

Bk L2779 Pg113  #9
12-11-2006 a 08:58a

Loan Number:
Servicing Number:

[Space Above This Line For Recording Data]

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on        12/05/2006                    . The mortgagor is
ARTUR ANDRADE  AND JULIA ANDRADE FKA JULIA GONCALVES

whose address is
    109 W LAWN AVE , PAWTUCKET, RI  02860-3319
("Borrower"). This Security Instrument is given to

Option One Mortgage Corporation, a California Corporation
which is organized and existing under the laws of        CALIFORNIA              and whose address is
3 Ada, Irvine, CA  92618

("Lender"). Borrower owes Lender the principal sum of
THREE HUNDRED THIRTY TWO THOUSAND FIVE HUNDRED
                                ... AND NO/100THS      Dollars (U.S. 332500          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on       01/01/2037            . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of
this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with Mortgage Covenants upon the Statutory
Condition and with the Statutory Power of Sale, the following described property located in  Providence
County, Rhode Island:

PLAT 50 LOT 243

SEE  LEGAL  DESCRIPTION  ATTACHED  HERETO  AND  MADE  A  PART  THEREOF.

which has the address of 109 W LAWN AVE, PAWTUCKET

[Street, City]

Rhode Island        02860-3319        ("Property Address");
                    [Zip Code]

CITY OF PAWTUCKET

TOGETHER WITH all the improvements now or hereafter erected on the property and all easements, appurtenances, and
fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument.
All of the foregoing is referred to in this Security Instrument as the "Property."
BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage,
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and
will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal and Interest; Prepayment and Late Charges. Borrower shall promptly pay when due the principal
of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.
2. Funds for Taxes and Insurance. Subject to applicable law or to a written waiver by Lender, Borrower shall pay to
Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes

RHODE ISLAND - Single Family
Page 1 of 6

JA  AA.

RISM11.wp (10-31-02)

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Loan Number: ███████     Servicing Number: ███████     **Bk L2779 Pg114 ≠9**
Date: 12/05/2006

and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

Page 2 of 6

RISIM11.wp (10-31-02)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

| Loan Number: ███████ | Servicing Number: ███████ | Bk L2779 Pg115 #9 Date: 12/05/06 |

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application: Leaseholds.** Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans of different terms. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument; (1) Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument, (2) Decrease the term of the loan and adjust the monthly payments under the Note accordingly, increase the interest rate and adjust the monthly payments under the Note accordingly, or (3) require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained, in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7 Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of

Page 3 of 6                                        JA    JA                                        RISIM11.wp (10-31-02)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Loan Number: ▮▮▮▮▮    Servicing Number: ▮▮▮▮▮    **Bk L2779 Pg116 #9**
Date: 12/05/06

the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

  **12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

  **13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

  **14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

  **15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

  **16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

  **17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

  If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

  **18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

  **19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

  **20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

  Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental law.

  Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

Page 4 of 6                                                     *J A*   *AM*                        RISIM11.wp (10-31-02)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Loan Number: ████████        Servicing Number: ████████       Bk L2779 Ps117  #9
                                                              Date:  12/05/06

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

21. Acceleration; Remedies. If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other mortgage or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by applicable law.  Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 14. Lender shall publish this notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law.

23. Waiver of Homestead.  If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

24. Misrepresentation and Nondisclosure. Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable.

25. Time is of the Essence. Time is of the essence in the performance of each provision of this Security Instrument.

26. Waiver of Statute of Limitations. The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

27. Modification. This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender or lawful successors in interest.

28. Reimbursement. To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

29. Clerical Error. In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to re-execute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

30. Lost, Stolen, Destroyed or Mutilated Security Instrument and Other Documents. In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

31. Assignment of Rents. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security Instrument and Borrower has not abandoned the Property.

Page 5 of 6                              JA    AM                    RISIM11.wp (10-31-02)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Loan Number: ███████        Servicing Number: ███████        Bk 12779 Pg118  #9
Date: 12/05/06

**32. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[X] Adjustable Rate Rider        [ ] Condominium Rider          [X] 1-4 Family Rider
[ ] No Prepayment Penalty Option Rider   [ ] Planned Unit Development Rider   [ ] Occupancy Rider
[X] Other(s) (specify)  Balloon Rider

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
Christopher D. Holstein, Esq.                                              -Borrower

_____        _____ (Seal)
Christopher D. Holstein, Esq.                                              -Borrower

_____ (Seal)   _____ (Seal)
ARTUR  ANDRADE         -Borrower                                          -Borrower

_____ (Seal)   _____ (Seal)
JULIA  ANDRADE         -Borrower                                          -Borrower

STATE OF RHODE ISLAND,                County ss: Kent

On this     5th     day of  December, 2006 , in  Warwick
in said County, before me personally appeared

      ARTUR ANDRADE & Julia ANDRADE

the person(s) executing the foregoing instrument and acknowledged said execution to be ............ each and all to me known and known to me to be
and deed.                                                              free act

                                                    _____
                                                    Notary Public

                                                    Christopher D. Holstein
                                                    Notary Public
                                                    My Commission Expires: 9/21/09

Page 6 of 6                                                    RISIM11.wp (10-31-02)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

ANDRADE 06                                    Bk L2779 Ps119 #9

# EXHIBIT A

That certain lot or parcel of land with all buildings and improvements

thereon, situated in said City of Pawtucket, County of Providence, State of Rhode

Island, on the northerly side of West Lawn Avenue, laid out and designated as Lot

No. 17 on that plat entitled, "M.J. Gallagher Plat No. 1, Fairlawn District, Pawtucket,

R.I., J.E. Judson, C.E.", which said plat is recorded in the land records of said

Pawtucket on plat card 321.

Re: 109 West Lawn Avenue, Pawtucket, Rhode Island  02860

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

BK L2779 PG120 ≠9

Loan Number: ███████        Servicing Number: ████████        Date: 12/05/06

# BALLOON RIDER

This is a BALLOON LOAN. The term of the loan is 40/30 years. This means that while your monthly payment amount is amortized in accordance with a 40 year loan term, the loan is payable in full in THIRTY (30) years from the date the loan is made. As a result, you will be required to repay the entire remaining principal balance, together with accrued interest, late charges, if any, and all advancements made by the lender under the terms of this loan in THIRTY (30) years from the date on which the loan is made.

The lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of other assets you may own, or you may have to find another lender willing to refinance the loan.

Assuming this lender or another lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time which may be considerably higher or lower than the interest rate paid on this loan. You may also have to pay some or all of the closing costs normally associated with the new mortgage loan even if you obtain refinancing from the same lender.

_____          _____
ARTUR ANDRADE          -Borrower                         -Borrower

_____          _____
JULIA ANDRADE          -Borrower                         -Borrower

_____          _____
                       -Borrower                         -Borrower

**MULTISTATE BALLOON RIDER**
Page 1 of 1

USR1091.wp (05-19-05)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L2779 Ps121 #9

Loan Number: ▉▉▉▉      Servicing Number: ▉▉▉▉      Date: 12/05/06

## ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made December 05, 2006 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to
    Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located
at:

    109 W LAWN AVE,   PAWTUCKET, RI 02860-3319

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST
RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE
BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE
MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

The Note provides for an initial interest rate of          9.250%          . The
Note provides for changes in the interest rate and the monthly payments, as follows:

**4.     INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    **(A) Change Dates**
    The interest rate I will pay may change on the first day of   January 01     2009     ,
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a
"Change Date."
    **(B) The Index**
    Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the
average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market
("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first
business day of the month immediately preceding the month in which the Change Date occurs is called the
"Current Index."
    If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information. The Note Holder will give me notice of this choice.
    **(C) Calculation of Changes**
    Before each Change Date, the Note Holder will calculate my new interest rate by adding
    FIVE AND 60/100                      percentage point(s) ( 5.600%     )
to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth
of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 1 of 3                                                    USRI0021 (02-23-99)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L2779 Pg122 #9

Loan Number: ▮▮▮▮   Servicing Number: ▮▮▮▮   Date: 12/05/06

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.250% or less than 5.600% . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than 15.250% or less than 5.600%

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Covenant 17 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 2 of 3

USRI0022 (02-23-99)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L2779 Pg123   #9

Loan Number: ███████   Servicing Number: ██████████   Date: 12/05/06

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)        _____ (Seal)
ARTUR   ANDRADE                                 JULIA   ANDRADE

_____ (Seal)        _____ (Seal)

_____ (Seal)        _____ (Seal)

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 3 of 3

USRI0023 (02-23-99)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L2779 Pg124   #9

Loan Number: ▮▮▮▮   Servicing Number: ▮▮▮▮   Date: 12/05/06

## 1-4 FAMILY RIDER
### Assignment of Rents

THIS 1-4 FAMILY RIDER is made   December 05, 2006   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

Option One Mortgage Corporation, a California Corporation

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

109 W LAWN AVE, PAWTUCKET, RI 02860-3319

(Property Address)

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.** **ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: Building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B.** **USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification. unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C.** **SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D.** **RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Covenant 5.

**E.** **"BORROWER'S RIGHT TO REINSTATE" DELETED.** Covenant 18 is deleted.

**F.** **BORROWER'S OCCUPANCY.** Unless lender and Borrower otherwise agree in writing, the first paragraph in Covenant 6 concerning Borrower's occupancy of the property is deleted. All remaining

MULTISTATE 1-4 FAMILY RIDER
Page 1 of 3

USR1001.wp (11-19-04)

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L2779 Pg125 #9

Loan Number: ███████   Servicing Number: ███████   Date: 12/05/06

Covenants and agreements set forth in Covenant 6 shall remain in effect.

**G.   ASSIGNMENT OF LEASES.** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph F, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H.   ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of its intention to receive Rents after a default by borrower under the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of its intention to receive Rents to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This Assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I.   "ASSIGNMENT OF RENTS" MODIFIED.** Any Covenant of the Security Instrument granting an Assignment of Rents to Lender is superseded by this Rider.

**J.   CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

MULTISTATE 1-4 FAMILY RIDER
Page 2 of 3

USR1001.wp (11-19-04)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

Bk L2779 Pg126 #9

Loan Number: ███████      Servicing Number: ███████      Date: 12/05/06

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_Artur F. Andrade_
ARTUR ANDRADE _____ Borrower        _____ Borrower

_Julia Andrade_
JULIA ANDRADE _____ Borrower        _____ Borrower

_____ Borrower        _____ Borrower

**MULTISTATE 1-4 FAMILY RIDER**
Page 3 of 3

USR1001.wp (11-19-04)



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2018-3964 |
| **Plaintiff**<br>Artur Andrade<br><br>v. | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI 02910 |
| **Defendant**<br>Ocwen Loan Servicing, Llc | |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>661 Worthington Road<br>Suite 100<br>West Palm Beach FL 33409 |

**TO THE DEFENDANT, Ocwen Loan Servicing, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/6/2018. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Artur Andrade<br>v.<br>**Defendant**<br>Ocwen Loan Servicing, Llc | **Civil Action File Number**<br>PC-2018-3964 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Ocwen Loan Servicing, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

  _____
  _____

- ☐ I was unable to make service after the following reasonable attempts: _____
  _____
  _____

SERVICE DATE: _____ / _____ / _____    SERVICE FEE $ _____
                Month   Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____
County of _____

On this _____ day of _____, 20_____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____ , to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2018-3964 |
| **Plaintiff**<br>Artur Andrade<br><center>v.</center> | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| **Defendant**<br>Ocwen Loan Servicing, Llc | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 24<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>1800 Tysons Blvd<br>Suite 50<br>McLean VA 22012 |

**TO THE DEFENDANT, HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/6/2018. | /s/ Henry Kinch<br>Clerk |

<center>Witness the seal/watermark of the Superior Court</center>

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Artur Andrade<br>v.<br>**Defendant**<br>Ocwen Loan Servicing, Llc | **Civil Action File Number**<br>PC-2018-3964 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name  of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name  of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

- ☐ I was unable to make service after the following reasonable attempts: _____
  _____
  _____

SERVICE DATE: _____ / _____ / _____        SERVICE FEE $ _____
              Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____
                              Page 2 of 2



SC-CMS-1 (revised July 2014)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/27/2018 12:44 PM
Envelope: 1604973
Reviewer: Alexa G.

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

☐ SUPREME COURT   ☑ SUPERIOR COURT   ☐ FAMILY COURT   ☐ DISTRICT COURT

☑ Providence/Bristol County or Sixth Division   ☐ Washington County or Fourth Division
☐ Kent County or Third Division ☐ Newport County or Second Division

| | |
|---|---|
| **Plaintiff**<br>Artur Andrade, et al. | **Civil Action File Number**<br>PC-2018-3964 |
| **Defendant**<br>Ocwen Loan Servicing, LLC, et al. | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☑ Defendant/Respondent
Ocwen Loan Servicing, LLC & HSBC Bank USA, as trustee for Option One Mortgage Loan Trust 2007-HL1 .

/s/ Samuel C. Bodurtha _____   7075 _____
Attorney Name or Self-represented Litigant      Rhode Island Bar Number

Hinshaw & Culbertson, LLP, 53 State Street, 27th Floor, Boston, MA 02109
Address

(617) 213-7000 _____   _____
Telephone Number                Cell Telephone Number

sbodurtha@hinshawlaw.com _____
Email Address

June 27, 2018 _____
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the 27th day of June , 20 18 :
☑ I filed and served this document through the electronic filing system on the following parties:
Todd S. Dion, Esq. _____ .
The document electronically filed and served is available for viewing and/or downloading from the
Rhode Island Judiciary's Electronic Filing System.

☑ I served this document through the electronic filing system on the following parties:
Todd S. Dion, Esq. _____ .
The document electronically served is available for viewing and/or downloading from the Rhode
Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the
opposing party if self-represented, whose name is _____
at the following address _____ .

/s/ Samuel C. Bodurtha _____
Name

CC-11 (revised October 2014)

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 7/3/2018 11:32 AM
Envelope: 1613134
Reviewer: Sharon S.



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

☐ SUPREME COURT   ☑ SUPERIOR COURT   ☐ FAMILY COURT   ☐ DISTRICT COURT

☑ Providence/Bristol County or Sixth Division   ☐ Washington County or Fourth Division
☐ Kent County or Third Division ☐ Newport County or Second Division

| **Plaintiff**<br>Artur Andrade, et al | **Civil Action File Number**<br>PC-2018-3964 |
|---|---|
| **Defendant**<br>Ocwen Loan Servicing, LLC | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☑ Defendant/Respondent
Ocwen Loan Servicing, LLC, HSBC Bank USA,NA as trustee for Option One Mortgage Loan Trust 2007-HL1 .

/s/ Ethan Z. Tieger            9308
Attorney Name or Self-represented Litigant      Rhode Island Bar Number

321 S. Main St., Suite 301, Providence, RI 02903
Address

401-751-0842
Telephone Number                Cell Telephone Number

etieger@hinshawlaw.com
Email Address

July 3, 2018
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the 3rd___ day of July _____, 20 18 :
☑ I filed and served this document through the electronic filing system on the following parties:
Todd S. Dion, Esq. .
The document electronically filed and served is available for viewing and/or downloading from the
Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:

_____
The document electronically served is available for viewing and/or downloading from the Rhode
Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the
opposing party if self-represented, whose name is _____
at the following address _____.

/s/ Ethan Z. Tieger
Name

CC-11 (revised October 2014)

Case Number: PC-2018-5964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## CIVIL CASE COVER SHEET – ELECTRONIC FILING

    Pursuant to provisional Article X, Rule 1(f) of the Rhode Island Supreme Court Rules Governing Electronic Filing, a civil case cover sheet shall be filed with any case initiating document(s). The Plaintiff/Petitioner shall file a civil case cover sheet for each named party. The information is being requested for the purpose of ensuring accurate internal record keeping by the Rhode Island Judiciary. Once the information is entered into the case management system by the court, the document shall be sealed by the court and it shall not be available to the parties or the public due to the personal identifying information contained therein.

| COURT | County |
|---|---|
| ☑ Superior Court | ☑ Providence/Bristol County or Sixth Division |
| ☐ Family Court | ☐ Washington County or Fourth Division |
| ☐ District Court | ☐ Kent County or Third Division |
| ☐ Workers' Compensation Court | ☐ Newport County or Second Division |
| ☐ Rhode Island Traffic Tribunal | |

    The Plaintiff/Petitioner shall fill in the Plaintiff/Petitioner party information, party information for the Defendant/Respondent to the best of the Plaintiff/Petitioner's knowledge, and the attorney information, if applicable, with the case initiating document(s) for each named party.

### PARTY INFORMATION FOR THE PLAINTIFF/PETITIONER

| NAME | Artur Andrade | | |
|---|---|---|---|
| ADDRESS | 215 Cameron Street, Pawtucket, RI 02861 | | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | | |
| DRIVER'S LICENSE NUMBER AND STATE | ☑ Plaintiff/Petitioner is represented by counsel | | |
| | ☐ Plaintiff/Petitioner is self-represented | | |
| COUNSEL FOR THE PLAINTIFF/PETITIONER | | | |
| Todd S. Dion | | | |
| BAR NUMBER: 6852 | OFFICE TELEPHONE: 401-965-4131 | | |

\* Optional

**CONFIDENTIAL**

CC-10 (revised October 2014)                                   Page 1 of 2

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

## PARTY INFORMATION FOR THE DEFENDANT/RESPONDENT

| NAME | Ocwen Loan Servicing, LLC | |
|---|---|---|
| ADDRESS | 1661 Worthington Road, Suite100, West Palm Beach, FL 33409 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☐ Defendant/Respondent is represented by counsel <br> ☐ Defendant/Respondent is self-represented | |
| COUNSEL FOR THE DEFENDANT/RESPONDENT | | |
| BAR NUMBER: | OFFICE TELEPHONE: | |

\* Optional

| LANGUAGE INTERPRETER REQUEST | AMERICANS WITH DISABILITIES ACT (ADA) REQUEST | | | |
|---|---|---|---|---|
| ☐ Plaintiff/Petitioner <br><br> Language: | ☐ American Sign Language (ASL) Interpreter | ☐ Signed English | ☐ Oral | ☐ Certified Deaf Interpreter (CDI) |
| ☐ Defendant/Respondent <br><br> Language: | ☐ Assistive Listening Equipment: | | | |
| ☐ Witness/Victim/Parent <br><br> Language: | ☐ Visual Equipment or Accommodation: | | | |
| ☐ Other <br><br> Language: | ☐ Other Equipment or Services: | | | |

*This Civil Case Cover Sheet – Electronic Filing contains information to the best of my knowledge and was completed by:*

| Name: /s/ Todd S. Dion | Date:  06/06/2018 |
|---|---|

**CONFIDENTIAL**

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.



STATE OF RHODE ISLAND AND       PROVIDENCE PLANTATIONS

## CIVIL CASE COVER SHEET – ELECTRONIC FILING

    Pursuant to provisional Article X, Rule 1(f) of the Rhode Island Supreme Court Rules Governing Electronic Filing, a civil case cover sheet shall be filed with any case initiating document(s). The Plaintiff/Petitioner shall file a civil case cover sheet for each named party. The information is being requested for the purpose of ensuring accurate internal record keeping by the Rhode Island Judiciary. Once the information is entered into the case management system by the court, the document shall be sealed by the court and it shall not be available to the parties or the public due to the personal identifying information contained therein.

| COURT | County |
|---|---|
| ☑ Superior Court | ☑ Providence/Bristol County or Sixth Division |
| ☐ Family Court | ☐ Washington County or Fourth Division |
| ☐ District Court | ☐ Kent County or Third Division |
| ☐ Workers' Compensation Court | ☐ Newport County or Second Division |
| ☐ Rhode Island Traffic Tribunal | |

    The Plaintiff/Petitioner shall fill in the Plaintiff/Petitioner party information, party information for the Defendant/Respondent to the best of the Plaintiff/Petitioner's knowledge, and the attorney information, if applicable, with the case initiating document(s) for each named party.

### PARTY INFORMATION FOR THE PLAINTIFF/PETITIONER

| NAME | Julia Andrade | |
|---|---|---|
| ADDRESS | 215 Cameron Street, Pawtucket, RI 02861 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☑ Plaintiff/Petitioner is represented by counsel ☐ Plaintiff/Petitioner is self-represented | |
| COUNSEL FOR THE PLAINTIFF/PETITIONER Todd S. Dion | | |
| BAR NUMBER: 6852 | OFFICE TELEPHONE: 401-965-4131 | |

* Optional

## CONFIDENTIAL

Case Number: PC-2018-3964
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

## PARTY INFORMATION FOR THE DEFENDANT/RESPONDENT

| NAME | Ocwen Loan Servicing, LLC | |
|---|---|---|
| ADDRESS | 1661 Worthington Road, Suite100, West Palm Beach, FL 33409 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☐ Defendant/Respondent is represented by counsel ☐ Defendant/Respondent is self-represented | |
| COUNSEL FOR THE DEFENDANT/RESPONDENT | | |
| BAR NUMBER: | OFFICE TELEPHONE: | |

\* Optional

| LANGUAGE INTERPRETER REQUEST | AMERICANS WITH DISABILITIES ACT (ADA) REQUEST | | | |
|---|---|---|---|---|
| ☐ Plaintiff/Petitioner<br><br>Language: | ☐ American Sign Language (ASL) Interpreter | ☐ Signed English | ☐ Oral | ☐ Certified Deaf Interpreter (CDI) |
| ☐ Defendant/Respondent<br><br>Language: | ☐ Assistive Listening Equipment: | | | |
| ☐ Witness/Victim/Parent<br><br>Language: | ☐ Visual Equipment or Accommodation: | | | |
| ☐ Other<br><br>Language: | ☐ Other Equipment or Services: | | | |

*This Civil Case Cover Sheet – Electronic Filing contains information to the best of my knowledge and was completed by:*

| Name:  /s/ Todd S. Dion | Date:  06/06/2018 |
|---|---|

## CONFIDENTIAL

Case Number: PC-2018-3994
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.



STATE OF RHODE ISLAND AND               PROVIDENCE PLANTATIONS

## CIVIL CASE COVER SHEET – ELECTRONIC FILING

   Pursuant to provisional Article X, Rule 1(f) of the Rhode Island Supreme Court Rules Governing Electronic Filing, a civil case cover sheet shall be filed with any case initiating document(s). The Plaintiff/Petitioner shall file a civil case cover sheet for each named party. The information is being requested for the purpose of ensuring accurate internal record keeping by the Rhode Island Judiciary. Once the information is entered into the case management system by the court, the document shall be sealed by the court and it shall not be available to the parties or the public due to the personal identifying information contained therein.

| COURT | County |
|---|---|
| ☒ Superior Court | ☒ Providence/Bristol County or Sixth Division |
| ☐ Family Court | ☐ Washington County or Fourth Division |
| ☐ District Court | ☐ Kent County or Third Division |
| ☐ Workers' Compensation Court | ☐ Newport County or Second Division |
| ☐ Rhode Island Traffic Tribunal | |

   The Plaintiff/Petitioner shall fill in the Plaintiff/Petitioner party information, party information for the Defendant/Respondent to the best of the Plaintiff/Petitioner's knowledge, and the attorney information, if applicable, with the case initiating document(s) for each named party.

### PARTY INFORMATION FOR THE PLAINTIFF/PETITIONER

| NAME | Artur Andrade | |
|---|---|---|
| ADDRESS | 215 Cameron Street, Pawtucket, RI 02861 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☒ Plaintiff/Petitioner is represented by counsel ☐ Plaintiff/Petitioner is self-represented | |
| COUNSEL FOR THE PLAINTIFF/PETITIONER Todd S. Dion | | |
| BAR NUMBER: 6852 | OFFICE TELEPHONE: 401-965-4131 | |

\* Optional

## CONFIDENTIAL

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

## PARTY INFORMATION FOR THE DEFENDANT/RESPONDENT

| NAME | HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1 | |
|---|---|---|
| ADDRESS | 1800 Tysons Blvd, Suite 50, Mc Lean, VA 22102. HSBC Bank USA, N.A | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☐ Defendant/Respondent is represented by counsel ☐ Defendant/Respondent is self-represented | |
| COUNSEL FOR THE DEFENDANT/RESPONDENT | | |
| BAR NUMBER: | OFFICE TELEPHONE: | |

\* Optional

| LANGUAGE INTERPRETER REQUEST | AMERICANS WITH DISABILITIES ACT (ADA) REQUEST | | | |
|---|---|---|---|---|
| ☐ Plaintiff/Petitioner Language: | ☐ American Sign Language (ASL) Interpreter | ☐ Signed English | ☐ Oral | ☐ Certified Deaf Interpreter (CDI) |
| ☐ Defendant/Respondent Language: | ☐ Assistive Listening Equipment: | | | |
| ☐ Witness/Victim/Parent Language: | ☐ Visual Equipment or Accommodation: | | | |
| ☐ Other Language: | ☐ Other Equipment or Services: | | | |

*This Civil Case Cover Sheet – Electronic Filing contains information to the best of my knowledge and was completed by:*

| Name: /s/ Todd S. Dion | Date: 06/06/2018 |
|---|---|

**CONFIDENTIAL**

CC-10 (revised October 2014)                    Page 2 of 2

Case Number: PC-2018-3954
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## CIVIL CASE COVER SHEET – ELECTRONIC FILING

Pursuant to provisional Article X, Rule 1(f) of the Rhode Island Supreme Court Rules Governing Electronic Filing, a civil case cover sheet shall be filed with any case initiating document(s). The Plaintiff/Petitioner shall file a civil case cover sheet for each named party. The information is being requested for the purpose of ensuring accurate internal record keeping by the Rhode Island Judiciary. Once the information is entered into the case management system by the court, the document shall be sealed by the court and it shall not be available to the parties or the public due to the personal identifying information contained therein.

| COURT | County |
|---|---|
| ☒ Superior Court | ☒ Providence/Bristol County or Sixth Division |
| ☐ Family Court | ☐ Washington County or Fourth Division |
| ☐ District Court | ☐ Kent County or Third Division |
| ☐ Workers' Compensation Court | ☐ Newport County or Second Division |
| ☐ Rhode Island Traffic Tribunal | |

The Plaintiff/Petitioner shall fill in the Plaintiff/Petitioner party information, party information for the Defendant/Respondent to the best of the Plaintiff/Petitioner's knowledge, and the attorney information, if applicable, with the case initiating document(s) for each named party.

### PARTY INFORMATION FOR THE PLAINTIFF/PETITIONER

| NAME | Julia Andrade | |
|---|---|---|
| ADDRESS | 215 Cameron Street, Pawtucket, RI 02861 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☒ Plaintiff/Petitioner is represented by counsel ☐ Plaintiff/Petitioner is self-represented | |
| COUNSEL FOR THE PLAINTIFF/PETITIONER Todd S. Dion | | |
| BAR NUMBER: 6852 | OFFICE TELEPHONE: 401-965-4131 | |

* Optional

**CONFIDENTIAL**

Case Number: PC-2018-3984
Filed in Providence/Bristol County Superior Court
Submitted: 6/6/2018 9:23:48 AM
Envelope: 1572363
Reviewer: Lynn G.

## PARTY INFORMATION FOR THE DEFENDANT/RESPONDENT

| NAME | HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1 | |
|---|---|---|
| ADDRESS | 1800 Tysons Blvd, Suite 50, Mc Lean, VA 22102. HSBC Bank USA, N.A | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☐ Defendant/Respondent is represented by counsel ☐ Defendant/Respondent is self-represented | |
| COUNSEL FOR THE DEFENDANT/RESPONDENT | | |
| BAR NUMBER: | OFFICE TELEPHONE: | |

\* Optional

| LANGUAGE INTERPRETER REQUEST | AMERICANS WITH DISABILITIES ACT (ADA) REQUEST | | | |
|---|---|---|---|---|
| ☐ Plaintiff/Petitioner<br><br>Language: | ☐ American Sign Language (ASL) Interpreter | ☐ Signed English | ☐ Oral | ☐ Certified Deaf Interpreter (CDI) |
| ☐ Defendant/Respondent<br><br>Language: | ☐ Assistive Listening Equipment: | | | |
| ☐ Witness/Victim/Parent<br><br>Language: | ☐ Visual Equipment or Accommodation: | | | |
| ☐ Other<br><br>Language: | ☐ Other Equipment or Services: | | | |

*This Civil Case Cover Sheet – Electronic Filing contains information to the best of my knowledge and was completed by:*

| Name: /s/ Todd S. Dion | Date:  06/06/2018 |
|---|---|

**CONFIDENTIAL**