UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTUR ANDRADE, JULIA ANDRADE, On behalf of themselves and all others so similarly situated,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, HSBC BANK USA, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-HL1,

    Defendants.

C.A. No. 1:18-cv-00385-WES-LDA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO THE JULY 31, 2019 REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

This putative class action arises from borrowers' challenge to foreclosure on a singular ground: that Defendant Ocwen Loan Servicing, LLC ("Ocwen") was not licensed to service mortgage loans in the State of Rhode Island at the time the foreclosures occurred. Class representatives Artur and Julia Andrade ("Plaintiffs") cannot demonstrate that the State of Rhode Island Department of Business Regulation's ("DBR") April 20, 2017 Emergency Order ("Emergency Order") prohibited Ocwen's license to service mortgages. Instead, the Emergency Order, when reviewed under Rhode Island law, was void, unenforceable, resulted in immediate litigation, and ultimately approval of Ocwen's license renewal. Even if the Emergency Order was a valid exercise of Rhode Island law, the order could not have suspended Ocwen's license during the time in which the foreclosures occurred. For these reasons, and as further briefed below, Ocwen Loan Servicing, LLC and HSBC Bank USA, National Association, as Trustee for

Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1, improperly named as "HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1" (collectively "Defendants"), object to Magistrate Judge Lincoln D. Almond's Report and Recommendation (ECF No. 20) and request dismissal of Plaintiffs' Complaint.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72, and LR DRI 72(d) govern the standard of review for a Report and Recommendations. Section 636(b) permits the Court to designate a magistrate judge to conduct hearings and submit to the court a proposed findings and recommendation on a motion for summary judgment. Within fourteen (14) days after service of the report and recommendation, any party may serve and file written objections to the proposed findings of fact and recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The District Court conducts a *de novo* determination of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions." *Id.*

## III. LEGAL ARGUMENT

To deny Defendants' Motion to Dismiss, Magistrate Judge Almond concluded that the Court was required to accept as true Plaintiffs' allegation that Ocwen was not properly licensed on review of the pleadings and that the current record could not resolve whether the DBR's September 28, 2017 Consent Order ("Consent Review") resolved Ocwen's licensing status. (Report and Recommendations, ECF 20 at pp. 6-7.) The Court's review, however, overlooked whether the Emergency Order legally prohibited Ocwen from servicing mortgage loans in the first place and misperceived Plaintiffs' conclusory assertion that Ocwen was not properly

licensed as a statement of fact. Review of the State's laws on licensing financial institutions, R.I. Gen. Laws § 19-14-1, and the State's Administrative Procedures for licensing review, R.I. Gen. Laws § 42-35-1 *et seq* demonstrate no valid prohibition as a matter of law.

      A.      <u>The DBR's Emergency Order was Void and Exceeded the Director's Authority under Rhode Island's Financial Institutions Act, 19-14-1 *et seq.*</u>

In order to suspend a financial institution's license, Rhode Island law requires the DBR director to provide three days' notice and the opportunity for a hearing. R.I. Gen. Laws § 19-14-15 (1956). In the case of Ocwen, however, the face of the Emergency Order demonstrates that the DBR Director did not provide three days' notice and instead ordered a suspension "effective upon issuance." (04/20/2017 Emergency Order, *Exhibit A* at p. 2) The undisputed fact that the DBR ignored Section 19-14-15 to immediately suspend Ocwen's license demonstrates that the Emergency Order was void from the start for failure to comply with Rhode Island law. Ocwen filed suit in the Rhode Island Superior Court on April 25, 2017, *Ocwen Loan Servicing, LLC et al. v. Director of R.I. Dep't of Bus. Reg.*, C.A. No. PC-2017-1862, to challenge the Emergency Order through immediate judicial review of the DBR's compliance with Rhode Island law.[1] There is no question that the DBR's Emergency Order ignored the three days' notice requirement under Rhode Island law in an attempt to suspend Ocwen's license immediately, in doing so the Emergency Order failed to suspend the license, and Plaintiffs have no legal grounds to pursue breach of contract for failure to comply with Rhode Island's licensing statute.

Even if this Court were to ignore the 3 days' notice requirement under Rhode Island's financial institutions' licensing act, the Emergency Order could not have suspended Ocwen's license to a point in time when Ocwen completed the foreclosures at issue in this putative class

---

[1] This Court may properly review the pleadings and exhibits to the judicial review action. *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("[A] court ordinarily may treat documents from prior state court adjudications as public records," and may properly review them on Rule 12(b)(6) motions).

action.[2] Rhode Island law limits the DBR's suspension of a financial institutions' licenses to thirty (30) days, pending investigation. R.I. Gen. Laws § 19-14-15 (1956). Likewise, while Rhode Island law permits the DBR director to issue a cease and desist order to a financial institution conducting a business without a license, a cease and desist order is only temporary; the order becomes permanent if the financial institution does not request a hearing within 30 days. R.I. Gen Laws § 19-14-23(e) (1956). Here, the Emergency Order, issued under Title 19 as of April 20, 2017, could only have suspended Ocwen's mortgage loan servicing license up to May 22, 2017 (the first business day following 30 days from issuance of the order). In other words, the Emergency Order could not suspend Ocwen's license for any business conduct following May 22, 2017, and there is no dispute that both foreclosures at issue occurred after May 22, 2017.

The DBR recognized that the Emergency Order's term could only suspend or order Ocwen to cease and desist for a period of 30 days. The Order required a hearing before it would be become permanent:

> Upon receipt of a written request for hearing on or before May 22, 2017, a hearing officer will be appointed by the Director and the matter will be set down for hearing. The Director will promptly notify Respondents of the time and place for any hearing. If no hearing is requested and none is ordered by the Director, this Order shall become permanent on May 22, 2017, unless or until it is modified or vacated by the Director or the Director's successor.

(04/20/2017 Emergency Order, Ex. A at p. 2.) The plain language of the Emergency Order demonstrates that the DBR's action was not permanent and that the DBR recognized that it could only suspend Ocwen's license for a period of 30 days. Moreover, Ocwen sought immediate judicial review of the Emergency Order by filing Complaint for Judicial Review in the Rhode

---

[2] Ocwen completed foreclosure of the Andrade property on June 1, 2017 and the Dubois property on September 26, 2017.

Island Superior Court on April 25, 2017. By filing suit, Ocwen eliminated any permanent imposition of the DBR's attempt to suspend Ocwen's license. Plaintiffs have not presented this Court with any document or filing that would demonstrate a suspension of Ocwen's license more than 30 days after the Emergency Order issued on April 20, 2017. Both foreclosures at issue in this putative class action, whether considering the Andrade foreclosure on June 1, 2017 or the Dubois foreclosure on September 26, 2017, occurred at a time when the DBR's suspension or cease and desist order had expired and could not have prohibited Ocwen's servicing license.

To determine whether Ocwen was licensed to service mortgages under Title 19, the Court need not even review or rely upon the Consent Order. Instead, the face of the Emergency Order alone demonstrates the DBR's flawed effort to enact an immediate license suspension without notice and opportunity to be heard, a suspension (even if proven valid) that would have lasted no more than 30 days, and a cease and desist order that was temporary under any set of facts. The Court should not accept Plaintiffs' conclusory assertion that Ocwen did not have a license to service mortgage loans as true. Instead, the fact allegations of Plaintiffs' complaint, and the incorporated documents and judicial proceedings, demonstrate no valid basis to conclude that Ocwen was prohibited from servicing mortgages as a matter of Rhode Island law.

      B.      <u>The DBR's Emergency Order Violated Rhode Island's Administrative Procedures for Agency Review of a License</u>.

The Emergency Order also did not comply with Rhode Island's Administrative Procedures. In order to revoke, suspend, annul or withdrawal any license prior to the institution of agency proceedings, Rhode Island law required the DBR to provide Ocwen "an opportunity to show compliance with all lawful requirements for the retention of the license." R.I. Gen. Laws § 42-35-14 (1956). The express terms of this statute provide that "[n]o revocation, suspension, annulment, or withdrawal of any license is lawful…" unless the DBR director first provides

notice and the opportunity to show compliance. *Id*. Generally speaking, the rights of a licensee are protected by due process meaning that denial of a license requires the opportunity to be heard at a meaningful time and in a meaningful manner. *Tillinghast v. Glocester*, 456 A.2d 781, 784-85 (R.I. 1983) (Rhode Island Supreme Court grant petition for certiorari and quashed the Glocester town council's denial of a campground license for lack of due process.); *see also Leone v. New Shoreham*, 534 A.2d 817, 874 (R.I. 1987) (Rhode Island Supreme Court sustains injunction on denial of a moped license so long as the licensee was denied a hearing that provides due process).

    Here, the very first notice Ocwen received concerning denial, revocation and suspension of their servicing license was the Emergency Order. The face of the order demonstrates that the DBR ignored the statutory obligation to provide notice or opportunity for Ocwen to demonstrate compliance before the DBR attempted to enforce a revocation under 42-35-14(c). The Emergency Order attempted to initiate notice and opportunity for compliance on Page 1 while at the same time suspending Ocwen's notice "effective upon issuance" on Page 2. (04/20/2017 Emergency Order, Ex. A.) Review of the Emergency Order alone demonstrates a failed effort to comply with Rhode Island's Administrative Procedures Act and textbook denial of due process.

    The DBR appeared to rely upon a "summary suspension" of Ocwen's license to justify issuance of the Emergency Order, but the summary suspension again failed to comply with Rhode Island's Administrative Procedures. If an agency requires immediate action, "summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined." R.I. Gen. Laws § 42-35-14(c) (1956). Here, no part of the Emergency Order initiated a proceeding to determine whether Ocwen's license should be revoked. The DBR did not initiate any proceeding and instead

demanded proof that Ocwen had ceased mortgage loan servicing by May 22, 2017 through the Emergency Order. (04/20/2017 Emergency Order, Ex. A at p. 8.) The omission of any pending proceeding before the DBR attempted to suspend or revoke Ocwen's servicing license denied due process and compelled Ocwen to file suit for immediate judicial review. Once Ocwen filed suit, the judicial record demonstrates that nothing further happened. The Plaintiffs provide no fact allegations, no evidence, and no information that the DBR took any further action but for the Consent Order that approved Ocwen's mortgage loan servicing license. Without proof of a pending proceeding or some meaningful notice and opportunity for review, Plaintiffs present no facts and no basis to defend the Emergency Order's validity under Rhode Island's Administrative Procedures Act and cannot demonstrate an enforceable prohibition on Ocwen's license to service mortgage loans.

      C.      The DBR's Decision to Deny Ocwen's Renewal of License Could not Operate as a Bar to Ocwen's Ongoing Mortgage Loan Servicing

Plaintiffs may argue that Ocwen never held the servicing license for the DBR to suspend, because Ocwen's application remained pending for renewal at the time the DBR issued the Emergency Order. Under Rhode Island law, Ocwen was not prohibited from conducting business simply because their application for servicing license remained pending. Rhode Island's Administrative Procedures Act addresses pending licenses:

> Whenever a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, the existing license does not expire until the application has been finally determined by the agency, and, in case the application is denied or the terms of the new license limited, *until the last day for seeking review of the agency order* or a later date fixed by order of the reviewing court.

R.I. Gen. Laws § 42-35-14(b) (emphasis added). Section 42-35-14(b) afforded Ocwen the right to continue servicing mortgage loans "until the last day for seeking review of the agency order" that denies or limits the license. For example, in *Bonnet Shores Beach Club Condo. Ass'n v. R.I.*

7

*Coastal Res. Mgmt. Council*, C.A. No. PC-00-3255, 2003 R.I. Super. LEXIS 215, *26 (R.I. Super. Oct. 28, 2003), the Rhode Island Superior Court reviewed Section 42-35-14(b) to conclude that administrative agency permits did not expire so long as the renewal application remained pending and provided the licensee files a timely and sufficient application for renewal.

Rhode Island law provided Ocwen the right to continue servicing the Plaintiffs' mortgages—and to conduct foreclosure sales of the property—until a final decision by the agency, or judicial review of the agency's decision was completed in court. The Consent Order reflects that Ocwen and the DBR resolved any and all agency review. (September 28, 2017 Consent Order, *Exhibit B*.) The Consent Order resolved all questions as to the licensing and servicing activity of Ocwen raised in the Emergency Order so long as Ocwen complied with the Minimum Global Settlement Terms. Plaintiffs do not contest that Ocwen has fully complied with that global settlement. No judicial body completed a review of whether the Emergency Order was properly and legally issued. That is exactly why the Consent Order "supersedes the prior Emergency Order in its entirety."

Issuance of the Consent Order only confirms that agency review came to an end as of September 28, 2017, and that at that time, the DBR approved Ocwen's application for servicing license:

> 27. Subject to the condition precedent of the Respondents fulfilling any outstanding application requirements and subject to the continuing condition of the Respondents' compliance with the "Global Minimum Settlement Terms" . . . the [DBR] will vacate the denial of, reinstate and grant the Third Party Servicer Applications.
>
> 28. The Respondents acknowledge that the granting of the Rhode Island Third Party Servicer Applications in no way alters the restrictions in the Global Minimum Settlement Terms as to the scope of activities that can be conducted under the Third Party Loan Servicer Licenses.

(September 28, 2017 Consent Order, Ex. B at ¶¶ 27-28.) Ocwen ultimately received approval for its application to service mortgage loans in the State of Rhode Island, and any determination to the contrary impermissibly regulates Ocwen beyond the DBR's intent and beyond limits afforded under Rhode Island law. The entry of the Consent Order between Ocwen and the DBR granted Ocwen its necessary loan servicing license and replaced the entirety of the Emergency Order. The Plaintiffs cannot employ the Emergency Order to invalidated Ocwen's servicing activity on Plaintiffs' loan, or any loan for that matter, during the period of time when Ocwen's request to renew the servicing license was under review.

## IV. CONCLUSION

Based on the foregoing, Defendants, Ocwen Loan Servicing, LLC, and HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL1, Asset-Backed Certificates, Series 2007-HL1, improperly named as "HSBC Bank USA, N.A. as trustee for Option One Mortgage Loan Trust 2007-HL1," respectfully request the Court issue an order granting Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint, with prejudice, and deny Plaintiffs their requested leave to amend.

304150972v1 1010819

        Respectfully submitted,

        OCWEN LOAN SERVICING, LLC; and
HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2007-HL1, ASSET-BACKED
CERTIFICATES, SERIES 2007-HL1,

        By Their Attorneys,

        */s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: August 14, 2019

## CERTIFICATE OF SERVICE

    I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 14, 2019.

        */s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

304150972v1 1010819