```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
ARTUR and JULIA ANDRADE,            )
on behalf of themselves and all     )
others similarly situated,          )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   C.A. No. 18-385 WES
                                    )
OCWEN LOAN SERVICING, LLC,          )
et al.                              )
                                    )
        Defendants.                 )
_____)

## **ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R&R"), ECF No. 20. The R&R recommends that the Court deny Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint, ECF No. 7, as moot, and that Plaintiffs' Motion for Leave to File an Amended Class Action Complaint, ECF No. 13, be granted in part solely as to the proposed Count II breach of contract claim. Defendants object to the R&R on several grounds ("Defs. Obj."), ECF Nos. 23 and 24. This Court's review of such objections is de novo. See Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the Court ACCEPTS and ADOPTS the R&R over Defendants' objection.

Because Defendants argue that the Plaintiffs' amendment would be futile, the Court evaluates Plaintiffs' Motion to Amend under the same standard of review as a motion to dismiss. R&R 2; Fed. R. Civ. P. 12(b)(6). In Count II of their complaint, Plaintiffs allege that Ocwen Loan Servicing, LLC ("Ocwen") was operating as an unlicensed third-party loan servicer, in violation of the Emergency Cease and Desist Order ("Emergency Order") issued by the Rhode Island Department of Business Regulation ("RIDBR"), at the time it foreclosed on Plaintiff's property. Plaintiffs' Complaint ¶26-27, ECF No.1, Exhibit 1. The Court agrees with Magistrate Judge Almond that Plaintiffs state a plausible breach of contract claim, as "[i]t does not take a leap of logic to conclude that a mortgagor who engages an unlicensed loan servicer to effectuate a foreclosure is not acting in a manner prescribed by applicable law." R&R 6.

In Defendants' Objection, they continue to raise several factual defenses, all centered on how to interpret the Emergency Order and subsequent Consent Order issued by the RIDBR, and whether Defendants were in fact barred from operating as a third-party mortgage servicer during the time period in question. Def. Obj. 2-9. However, the Court cannot resolve these factual questions at this stage, where it must accept as true all plausible factual allegations in the Complaint and draw all reasonable inferences in

2

the Plaintiff's favor.  <u>Aulson v. Blanchard,</u> 83 F.3d 1,3 (1st Cir. 1996).

Accordingly, the Court fully ACCEPTS the R&R, ECF No. 20, and adopts its reasoning.  Defendants' Motion to Dismiss, ECF No. 7, is DENIED as moot and Plaintiffs' Motion to Amend, ECF No. 13, is granted in part as to the Count II breach of contract claim.
IT IS SO ORDERED.



William E. Smith
Chief Judge
Date: September 24, 2019