UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTUR ANDRADE, JULIE ANDRADE, and
NORMAN J. DUBOIS, JR., On behalf of
themselves and all others so similarly situated,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, SERVICING,
LLC, HSBC BANK USA., N.A. as Trustee for
OPTION ONE MORTGAGE LOAN TRUST 2007-
HL1, and DEUTSCHE BANK SAVINGS FUND
SOCIETY, FSB as trustee for ARGENT
SECURITIES, INC. ASSET BACKED PASS-
THROUGH CERTIFICATES 2006-M2,

    Defendants.

C.A.NO. 1:18-cv-00385-WES-LDA

**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT**

Defendants Ocwen Loan Servicing, LLC ("Ocwen"),[1] HSBC Bank USA, N.A. as Trustee for Option One Mortgage Loan Trust 2007-HL1 ("HSBC as Trustee") and Deutsche Bank Savings Fund Society FSB, as Trustee for Argent Securities, Inc. Asset Backed Pass-Through Certificates 2006-M2 (collectively "Defendants") submit the following answer to the Amended Class Action Complaint filed by Plaintiffs Artur Andrade, Julia Andrade, and Norman J. DuBois, Jr. (ECF No. 22):

**INTRODUCTION**

1. Paragraph 1 is an introductory paragraph to which no response is required. To the extent a response is required, denied.

2. Paragraph 2 is an introductory paragraph to which no response is required. To the extent a response is required, denied.

---

[1] Ocwen Loan Servicing, LLC is now known as PHH Mortgage Corporation, its successor by merger.

## JURISDICTION AND VENUE

3. Admitted.

4. Paragraph 4 contains a statement of law to which no response is required. To the extent a response is required, the Defendants agree to accept venue.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## PARTIES

12. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 12.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 13.

14. Admitted except that Ocwen Loan Servicing, LLC is now known as PHH Mortgage Corporation, its successor by merger.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

1010819\304469966.v1

20. Denied.

**ALLEGATIONS OF THE ANDRADE REPRESENTATIVE PLAINTIFFS**

21. Defendants restate and reincorporate their responses to Paragraphs 1-20 of the Complaint as if fully set forth herein.

22. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 22.

23. The allegations in paragraph 23 refer to a written document (*i.e.*, the deed) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

24. The allegations in paragraph 24 refer to written documents (*i.e.*, the note and mortgage) that speak for themselves to which no responses are required. To the extent responses are required, Defendants deny any allegations inconsistent with those written documents.

25. The allegations in paragraph 25 refer to a written document (*i.e.*, the mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

26. The allegations in paragraph 26 refer to a written document (*i.e.*, the assignment of mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

27. Admitted.

28. Paragraph 28 contains a statement of law to which no response is required.

29. Paragraph 29 contains a statement of law to which no response is required.

1010819\304469966.v1

30. The allegations in paragraph 30 refer to a written document (*i.e.*, a letter) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

31. Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, Ocwen had applied for and was awaiting the Department of Business Regulation's ("DBR") approval of a third-party servicer license, which the DBR ultimately approved.

32. The allegations in paragraph 32 refer to a written document (*i.e.*, an administrative order) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

### ALLEGATIONS OF THE DUBOIS REPRESENTATIVE PLAINTIFF

37. Defendants restate and reincorporate their responses to Paragraphs 1-36 of the Complaint as if fully set forth herein.

38. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 38.

39. The allegations in paragraph 39 refer to a written document (*i.e.*, the deed) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

1010819\304469966.v1

40. The allegations in paragraph 40 refer to written documents (*i.e.*, the note and mortgage) that speak for themselves and to which no responses are required. To the extent responses are required, Defendants deny any allegations inconsistent with the written documents.

41. The allegations in paragraph 41 refer to a written document (*i.e.*, the mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

42. The allegations in paragraph 42 refer to a written document (*i.e.*, the assignment of mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

43. Admitted.

44. Paragraph 44 contains a statement of law to which no response is required.

45. Paragraph 45 contains a statement of law to which no response is required.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Ocwen had applied for and was awaiting the Department of Business Regulation's ("DBR") approval of a third-party servicer license, which the DBR ultimately approved.

47. The allegations in paragraph 47 refer to a written document (*i.e.*, an administrative order) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

1010819\304469966.v1

52. Denied.

## **CLASS ALLEGATIONS**

53. Defendants restate and reincorporate their responses to Paragraphs 1-52 of the Complaint as if fully set forth herein.

54. Defendants deny the existence of any allegations or claims support class action relief in accordance with Fed. R. Civ. P. 23.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 63.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

1010819\304469966.v1

71. Denied.

72. Denied.

73. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 73.

74. Denied.

75. Denied.

## COUNT I
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE

76. Defendants restate and reincorporate their responses to Paragraphs 1-75 of the Complaint as if fully set forth herein.

77. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 77.

78. Paragraph 78 contains a statement of law to which no response is required.

79. Paragraph 79 contains a statement of law to which no response is required.

80. The allegations in paragraph 80 refer to a written document (*i.e.*, the mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

81. Paragraph 81 contains a statement of law to which no response is required.

82. Paragraph 82 contains a statement of law to which no response is required.

83. The allegations in paragraph 83 refer to a written document (*i.e.*, the mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

1010819\304469966.v1

84. The allegations in paragraph 84 refer to a written document (*i.e.*, the mortgage) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

85. Paragraph 85 contains a statement of law to which no response is required.

86. Paragraph 86 contains a statement of law to which no response is required.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Ocwen had applied for and was awaiting the Department of Business Regulation's ("DBR") approval of a third-party servicer license, which the DBR ultimately approved..

88. The allegations in paragraph 88 refer to a written document (*i.e.*, a letter dated April 7, 2017) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

89. The allegations in paragraph 89 refer to a written document (*i.e.*, an administrative order) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, Ocwen had applied for and was awaiting the Department of Business Regulation's ("DBR") approval of a third-party servicer license, which the DBR ultimately approved.

1010819\304469966.v1

95. The allegations in paragraph 95 refer to a written document (*i.e.*, an administrative order) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Paragraph 102 contains a statement of law to which no response is required.

103. The allegations in paragraph 103 refer to written documents (*i.e.*, mortgage contracts) that speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written documents.

104. The allegations in paragraph 104 refer to written documents (*i.e.*, mortgage contracts) that speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written documents.

105. The allegations in paragraph 105 refer to written documents (*i.e.*, mortgage contracts) that speak for themselves and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written documents.

106. The allegations in paragraph 106 refer to a written documents (*i.e.*, mortgage contracts) that speaks for itself and to which no response is required. To the extent a response is required, Defendants deny any allegations inconsistent with the written document.

107. Admitted but for the allegations that Plaintiffs and class members were, are, and remain ready willing and amble to perform under the mortgage contracts, which are denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted for lack of private right of action, for failure to assert a viable defense to foreclosure, and for proceeding on a contract claim despite their breach of the mortgage agreement and default on the note, among other reasons.

1010819\304469966.v1

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to sue for failure to claim cognizable damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages to the extent any exist.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs defaulted on obligations under the note and mortgage contract or otherwise breached the mortgage contract.

**FIFTH AFFIRMATIVE DEFENSE**

Any harm sustained by Plaintiffs did not result from any action or omission by Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' actions were taken in good faith and in accordance with Rhode Island and federal law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to challenge Ocwen's license to service mortgage loans in the State of Rhode Island.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the defenses of setoff and recoupment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, release and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by the doctrine of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise any additional affirmative defenses to the extent facts arise both from these plaintiffs' cases or from newly added class action participants.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC, and
HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2007-HL1, ASSET-BACKED
CERTIFICATES, SERIES 2007-HL1

By: Their Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)

Dated: October 8, 2019

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 8, 2019.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar #7075